ALLIED ERECTORS CORPORATION,
Appellant,

v.

BARBARA'S BAKERY, et al., Appellees.

No. 10–97–251–CV.

Court of Appeals of Texas,
Waco.

Oct. 22, 1997.

Jerry D. Bullard, Suchocki & Associates, P.C., Fort Worth, for appellant.

Ricky J. Brantley, Jose, Henry, Brantley & Keltner, C.D. Peebles, Peebles, Betty & Brantley, L.L.P., Fort Worth, R.A. Guthrie, Burleson, for appellees.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## ORDER GRANTING MOTION TO EXTEND THE TIME TO FILE NOTICE OF APPEAL

PER CURIAM.

On August 31, 1994, the trial court denied the special appearance of Allied Erectors Corporation (Allied), one of the defendants in the case styled *Kenneth Norris v. FW Freight Services, Inc.; Tree of Life, Inc. d/b/a Balanced Food/Tree of Life; Barbara's Bakery; and Allied Erectors Corporation.* At that time there was no provision allowing Allied to appeal the trial court's order. During the 1997 Legislative Session, the Texas Legislature amended section 51.014 of the Civil Practice and Remedies Code to allow an interlocutory appeal of a denial of a special appearance. Act of May 27, 1997, 75th Leg., ch. 1296, § 1, 1997 Tex. Sess. Law Serv. 4936, 4937 (Vernon) (to be codified as TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(7)). The new provision became effective June 20, 1997, and the legislature provided that the new law was to be applied retroactively to causes commenced prior to the effective date but which had not gone to trial before June 20, 1997. Act of May 27, 1997, 75th Leg., ch. 1296, § 2, 1997 Tex. Sess. Law Serv. 4936, 4937 (Vernon). Although the legislature may not have intended to allow the appeal of an

order signed over three years earlier, a plain reading of the statute shows that Allied is now entitled to appeal the order denying its special appearance. We therefore grant Allied's motion to extend the time to perfect the appeal. The clerk's record and the reporter's record shall be filed within 20 days after the date of this order. *See* TEX.R.APP. P. 2. Thereafter, the time periods shall be controlled by the Rules of Appellate Procedure.

In view of the lapse of time since the order denying Allied's special appearance, we direct that the clerk's record consist of only the live pleadings on file in the district clerk's office at the time of the hearing on Allied's special appearance, the order denying Allied's special appearance, and a certified bill of costs of the clerk's record and the reporter's record showing any credit for payment made. We further direct that the reporter's record consist of only the hearing on Allied's special appearance and any other hearing the parties may agree is necessary to our disposition of the appeal.