**IRON MOUNTAIN BISON RANCH, INC. and Ronald Thiel, Appellants,**

v.

**EASLEY TRAILER MANUFACTURING, INC., Appellee.**

No. 07–98–0043–CV.

Court of Appeals of Texas, Amarillo.

March 10, 1998.

Sheets & Holcomb, Jody Sheets, D. Clay Holcomb, Amarillo, for appellants.

Sprouse, Mozola, Smith & Rowley, Kirk Crutcher, Amarillo, for appellee.

Before BOYD, C.J., QUINN, J., and REYNOLDS, Senior Justice.*

QUINN, Justice.

Iron Mountain Bison Ranch, Inc. (Iron Mountain) and Ronald Thiel (Thiel) appeal from an order denying their special appearance. We dismiss for the want of jurisdiction.

### Background

On July 16, 1996, Easley Trailer Manufacturing, Inc. (Easley) sued Iron Mountain, Thiel, and others for breach of contract in the 31st Judicial District of Hemphill County, Texas. Iron Mountain and Thiel responded by filing a special appearance. They alleged that the courts of Texas lacked personal jurisdiction over them. This was allegedly so because neither were Texas residents. Nor did either have sufficient minimum contacts with the State to warrant the exercise of jurisdiction over them, they continued. Thus, their dismissal from the suit was required. The trial court disagreed, however. It overruled their special appearance on August 11, 1997. Effort to appeal the court's ruling was undertaken by both Iron Mountain and Thiel. Yet, the appeal was not perfected until February 5, 1998, that being

---

\* Charles L. Reynolds, Chief Justice (Ret.), Sev-    enth Court of Appeals, sitting by assignment.

the date on which they filed their notice of appeal.

### Law and Its Application

That this appeal is interlocutory is undisputed. Similarly true is the fact that, historically, one could not appeal an order overruling a special appearance prior to the entry of a final judgment. Nevertheless, the Texas legislature changed this rule during its 1997 session. Therein, it amended section 151.014 of the Texas Civil Practice and Remedies Code to permit the interlocutory appeal of an order granting or denying a special appearance. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(7) (Vernon Supp.1998). Moreover, the amendment was accorded partial retroactive effect. That is, it was to apply not only to civil actions commenced on or after its effective date of June 20, 1997, but also to actions pending on that date and "in which the trial, or any new trial or retrial following motion, or appeal, or otherwise, begins on or after that date."[1] Act of June 20, 1997, 75th Leg., R.S., ch. 1297, § 2a (1) and (2), 1997 Tex. Gen. Laws 4936–37; *Allied Erectors Corp. v. Barbara's Bakery,* 954 S.W.2d 197, 197–98 (Tex.App.—Waco 1997, no writ).

Next, while the amendment adds to the group of orders which may now be subjected to interlocutory appeal, neither it nor section 51.014 of the Texas Civil Practice and Remedies Code designates the time period within which the appeal must be perfected. The Texas Rules of Appellate Procedure do that. According to those rules, the interlocutory appeal of matters contemplated by section 51.014(a) of the Texas Civil Practice and Remedies Code is considered an accelerated appeal. TEX.R.APP. P. 28.1. Moreover, one perfects such an appeal by filing his notice of appeal "within 20 days after the judgment or order is signed." *Id.* at 26.1(b); *see Sclafani v. Sclafani,* 870 S.W.2d 608, 610–11 (Tex. App.—Houston [1st Dist.] 1993, writ denied) (holding that the rules applicable to acceler-

ated appeals and found in the Texas Rules of Appellate Procedure control the deadline for perfecting an accelerated appeal).[2]

Here, the trial court signed its order overruling the special appearance on August 11, 1997. Therefore, the deadline by which Iron Mountain and Thiel had to file their notice was August 31, 1997, that is, 20 days after the 11th. TEX.R.APP. P. 26.1(b). Yet, it was not filed until February of 1998. Given this, the appeal is untimely, and we lack jurisdiction to address it.

Finally, that the court in *Allied Erectors Corp. v. Barbara's Bakery* found it had jurisdiction even though appeal was attempted approximately three years after the order in question was signed does not affect our decision. In amending section 51.014(a), the legislature simply made section 51.014(a)(7) applicable to pending cases in which there is not an ongoing trial, retrial, or appeal. It said nothing about modifying or supplanting the rules of procedure governing the perfection of an interlocutory appeal. Given this, we are unable to conclude, as the *Allied* court apparently did, that while the deadlines established in those rules apply to all other manner of accelerated appeals they somehow do not apply to those involving special appearances.

For the foregoing reasons, we dismiss the appeal for want of jurisdiction.

---

1. The legislature declared that the amendment should go into effect upon its passage by the legislature and approval by the governor. Act of June 20, 1997, 75th Leg., R.S., ch. 1296, § 3, 1997 Tex. Gen. Laws 4936–37. That date was June 20, 1997.

2. One also had 20 days to perfect an accelerated appeal under the old rules of appellate procedure. TEX.R.APP. P. 42(a)(3).