**AMERICAN HOME PRODUCTS CORPORATION and Wyeth–Ayerst Laboratories Division of American Home Products Corporation, Appellants,**

v.

**Archie BURROUGH, Betty Olson, Ester Justice, Frances Westbrook, and Julie Yates, Appellees.**

No. 11–98–00214–CV.

Court of Appeals of Texas, Eastland.

July 15, 1999.

Burgain G. Hayes, David C. Duggins, Marnie A. McCormick, Susan E. Burnett, Leslie A. Benitez, Patrick L. Delaune, Clark, Thomas & Winters, Austin, Robert A. Junell, Jackson Walker, LLP, San Angelo, Bob E. Shannon, Baker & Botts, Austin, Charles L. Black, Roy B. Longacre, Wagstaff Alvis, Stubbeman, Seamster & Longacre, Abilene, Zollie C. Steakley, Steakley & Wetsel, Sweetwater, for appellants.

Philipa M. Remington, Cowles & Thompson, Dallas, Sharon S. McCally, Daryl L. Moore, Moore & McCally, J. Scott Nabers, Michael Saunders, J. Donald Bowen, Helm, Pletcher, Bowen & Saunders, Houston, Lance Hall, R. Temple Dickson, Moore, Dickson, Maxwell & Baker, Sweetwater, Jerry L. Coyle, Lawson & Fields, Roy L. Stacy, Calhoun & Stacy, Dallas, Kenneth Tekell, Houston, Michael A. Walsh, Strasburger & Price, John R. Henderson, Vial, Hamilton, Koch & Knox, Dallas, Deanna Dean Smith, Carlson & Smith, Houston, David P. Boyce, Wright & Greenhill, Stephanie A. Smith, Fulbright & Jaworski, Doug Lackey, Brown, McCarroll & Oaks Hartline, Austin, for appellees.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and DICKENSON, Senior Justice.*

## OPINION

WRIGHT, Justice.

After we issued our opinion in this case, the Supreme Court announced its decision in *Surgitek, Bristol–Myers Corporation v. Abel,* 997 S.W.2d 598 (1999). Appellants' motion for rehearing is granted; our former opinion and judgment dated January 25, 1999, are withdrawn; and the following is substituted therefor.

---

* Bob Dickenson, Retired Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

This is an interlocutory appeal pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(c) (Vernon Supp.1999). Archie Burrough, Betty Olson, Ester Justice, Frances Westbrook, and Julie Yates sued American Home Products Corporation, Wyeth–Ayerst Laboratories Division of American Home Products Corporation, and several other defendants to recover damages under theories of strict products liability, negligence, and the breach of express and implied warranties. The claims, as they are pleaded, arose out of the design, manufacture, distribution, sale, and supply of prescription medications known as fenfluramine, dexfenfluramine, and phentermine, commonly referred to as "fen-phen."

Appellees brought the suit in Nolan County, Texas. Burrough was a resident of Nolan County when the suit was filed; the other appellees were not.[1] Appellants filed motions to transfer venue, raised objections to joinder, moved to strike or sever certain plaintiffs, and also objected to affidavits and proof filed by appellees. The trial court overruled the motions and objections, and appellants filed this interlocutory appeal. American Home and Wyeth–Ayerst are the only defendants to perfect an appeal. Appellants do not challenge the trial court's order finding venue to be proper in Nolan County as to Burrough, the Nolan County resident.

■ Appellants bring these three issues on appeal:

1. Did the trial court err by ruling that the plaintiffs residing in Indiana, North Carolina, Utah, and Amarillo, Texas, none of whose claims have any relation to Nolan County, may properly join a lawsuit there under Texas Civil Practice & Remedies Code section 15.003?

2. Does the preponderance-of-the-evidence standard of proof traditionally applicable to joinder proceedings also apply to a plaintiff's attempt to join a lawsuit under Texas Civil Practice & Remedies Code section 15.003?

3. Did the trial court err in accepting and considering the conclusory, speculative proof plaintiffs submitted in opposition to appellants' Objection to Joinder and Motion to Strike and/or Sever Plaintiffs?

TEX. CIV. PRAC. & REM. CODE ANN. § 15.003 (Vernon Supp.1999) provides:

(a) In a suit where more than one plaintiff is joined each plaintiff must, independently of any other plaintiff, establish proper venue. Any person who is unable to establish proper venue may not join or maintain venue for the suit as a plaintiff unless the person, independently of any other plaintiff, establishes that:

(1) joinder or intervention in the suit is proper under the Texas Rules of Civil Procedure;

(2) maintaining venue in the county of suit does not unfairly prejudice another party to the suit;

(3) *there is an essential need to have the person's claim tried in the county in which the suit is pending;* and,

(4) the county in which the suit is pending is a fair and convenient venue for the person seeking to join in or maintain venue for the suit and the persons against whom the suit is brought.

(b) A person may not intervene or join in a pending suit as a plaintiff unless the person, independently of any other plaintiff:

(1) establishes proper venue for the county in which the suit is pending; or

(2) satisfies the requirements of Subdivisions (1) through (4) of Subsection (a).

---

1. Betty Olson resided in Amarillo, Potter County, Texas. Ester Justice resided in Indiana. Frances Westbrook resided in North Carolina. Julie Yates resided in Utah.

(c) Any person seeking intervention or joinder, who is unable to independently establish proper venue, or a party opposing intervention or joinder of such a person may contest the decision of the trial court allowing or denying intervention or joinder by taking an interlocutory appeal to the court of appeals district in which the trial court is located under the procedures established for interlocutory appeals. The appeal must be perfected not later than the 20th day after the date the trial court signs the order denying or allowing the intervention or joinder. The court of appeals shall:

(1) determine whether the joinder or intervention is proper based on an independent determination from the record and not under either an abuse of discretion or substantial evidence standard; and

(2) render its decision not later than the 120th day after the date the appeal is perfected by the complaining party. (Emphasis added)

It is clear from this statute that a party to a lawsuit must establish proper venue independently of any other party. However, if a party cannot establish proper venue, venue may nevertheless be maintained if the party satisfies the four criteria set out in Section 15.003(a).

■ It is undisputed that the only appellee who can independently establish proper venue in Nolan County is Burrough. Section 15.003(a) requires us to make an independent determination of whether the other appellees have "established" the four elements of that section.

In the original petition which appellees filed in the trial court, they alleged that they had each taken one or more of the three named weight loss drugs in combination either with each other or with another drug. They further alleged that appellants, among others, were in the business of manufacturing, marketing, selling, and distributing two of the drugs, Pondimin (fenfluramine) and Redux (dexfenfluramine); that each appellee had taken combinations of drugs which included among others fenfluramine and dexfenfluramine; that defendants other than appellants were engaged in manufacturing, marketing, selling, and distributing these and other drugs which were used in combination with other drugs; that defendants manufactured, designed, packaged, marketed, and distributed the drugs and encouraged their use together in order to increase individual sales; that defendants put the drugs in the stream of commerce in a defective and unreasonably dangerous condition; that defendants gave inadequate warnings, instructions, and labeling; that defendants performed inadequate testing of the drugs; that defendants failed to timely and adequately give warnings after the defendants knew of injuries from the combined use of the drugs; that defendants breached express warranties; that defendants breached implied warranties; and that, among other things, defendants did not exercise ordinary care in the design, manufacture, marketing, sale, testing, and/or distribution of the drugs. Appellees further alleged that defendants violated some seven federal governmental regulations and were negligent per se. Appellees further pleaded that the parties were properly joined, that none were prejudiced by venue in Nolan County, that there was an "essential need" for the trial to be held in Nolan County, and that Nolan County was a fair and convenient venue for all parties.

Each of the plaintiffs, as well as their attorney, filed affidavits in the trial court in response to specific denials of appellants. Appellees also filed an affidavit made by a representative of the Sweetwater, Texas, Chamber of Commerce.[2]

The affidavits of appellees contain statements that, "[i]n order for my case to be economi-cally feasible, I need the ability to pursue my case in conjunction with other plaintiffs who have been harmed by diet

---

**2.** Sweetwater is the County Seat of Nolan County, Texas.

drugs." The attorney stated in his affidavit that the plaintiffs could not economically afford to try their cases without combining their resources to cover the cost of litigation.

We will first examine whether appellees have met their burden under Section 15.003(a)(3) and *Surgitek, Bristol–Myers Corporation* of "establishing" an essential need to have their claims tried in Nolan County. In *Surgitek, Bristol–Myers Corporation*, the Supreme Court held that, when a plaintiff cannot establish proper venue in the county of suit, she may nevertheless maintain venue in that county if she "establishes" the four elements of Section 15.003(a).

In view of our holding in this case, we will first determine whether Betty Olson, Ester Justice, Frances Westbrook, and Julie Yates met the requirements of Section 15.003(a)(3) in establishing an "essential need" to have their suit tried in Nolan County, Texas.

In *Surgitek, Bristol–Myers Corporation*, the Supreme Court defined "essential need" as one that is "indispensably necessary" or so "necessary such that one cannot do without it." The court also observed that the burden was "very high."

When we earlier found appellees' proof to be sufficient, we did not have the benefit of the definition of "essential need" now supplied by the Supreme Court. When we apply the principles announced in *Surgitek, Bristol–Myers Corporation* to this case and make our independent determination considering the entire record de novo, we find that Betty Olson, Ester Justice, Frances Westbrook, and Julie Yates have not met the high burden of establishing that it is "indispensably necessary" or "such that [they] could not do without" trying their lawsuit in Nolan County, Texas. Appellants' first issue on appeal is sustained. Because we have sustained appellants' first issue, we need not determine Issues Nos. 2 and 3.

The judgment of the trial court is affirmed as to Archie Burrough; the judgment of the trial court is reversed as to the other appellees; and judgment is rendered that the causes of action of Betty Olson, Ester Justice, Frances Westbrook, and Julie Yates are transferred to Dallas County, Texas.