DAYCO PRODUCTS, INC., Appellant,

v.

Alnoor EBRAHIM, et al., Appellees.

No. 12–99–00291–CV.

Court of Appeals of Texas,
Tyler.

Dec. 10, 1999.

Rehearing Overruled Jan. 25, 2000.

---

☞16.5

Charles T. Frazier, Jr., Dwayne J. Hermes, Dallas, for appellant.

Michael W. Minton, Fort Worth, Robert S. Davis, Tyler, for appellees.

Panel consisted of RAMEY, Jr., C.J., HADDEN, J., and WORTHEN, J.

WORTHEN, Justice.

This is an accelerated appeal under section 15.003 of the Texas Civil Practice and Remedies Code from the trial court's order denying Dayco Products, Inc's "Motion for Reconsideration of Joinder of Parties" and "Motions for Transfer of Venue and Severance." Fifty-three named plaintiffs [1] filed suit to recover damages from Dayco Products, Inc., Dayco Industrial Products, Inc., and Omega Products, Inc.[2] under theories of negligence, strict liability and breach of warranty. The claims, as pleaded, arose out of the negligent design, manufacturer and marketing of washing machine hoses by Dayco. As to the first thirty chronologically named plaintiffs, we will dismiss the interlocutory appeal for lack of jurisdiction and will reverse the trial court's order denying severance as to twenty-two of the remaining twenty-three plaintiffs and remand to the trial court for further proceedings.

### BACKGROUND

On May 26, 1998, seventeen plaintiffs filed suit against Dayco who responded with an answer subject to a motion to transfer venue and to sever on July 14, 1998. In a second amended original petition dated August 7, 1998, thirteen newly named plaintiffs were added to the suit against Dayco. On August 26, 1998, Dayco responded with a first amended motion for severance based on Rule 41 of the Texas Rules of Civil Procedure which states in part that "actions which have been improperly joined may be severed." Tex.R. Civ. P. 41.

The trial court conducted a hearing on both the motion to transfer venue and for severance on September 2, 1998. Dayco specifically stated to the court that its motion to transfer venue only applied to

---

1. The claims of the fifty-three plaintiffs, who are the Appellees before the court, have been subrogated by their two insurance carriers, State Farm Fire and Casualty Company and State Farm Lloyds, who have paid the claims less the respective policies' deductibles.

2. Only Dayco Products, Inc. perfected this appeal.

the first seventeen of the named plaintiffs while its first amended motion for severance addressed all thirty of the "current plaintiffs." Dayco further explained to the trial court during this hearing that the thirty plaintiffs were "improperly trying to join to unite and conquer." At the conclusion of the hearing, the trial court signed the following order:

## ORDER ON DEFENDANT'S MOTION TO TRANSFER VENUE AND MOTION TO SEVER

On September 2, 1998 came on to be heard the motion to transfer venue and motion to sever filed by Defendant Dayco Products, Inc. The parties appeared by and through their respective counsel of record, the Court heard argument and reviewed the evidence and the motions in question, and the Court has concluded that the motion to transfer venue and the motion to sever should be denied.

IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED that the motion to transfer venue filed by Dayco Product Inc. is DENIED.

IT IS FURTHER ORDERED that the motion to sever is DENIED.

SIGNED this 2 day of Sept., 1998.

Following the September 2, 1998, order, new plaintiffs continued to be added to the suit. On December 29, 1998, Dayco filed a motion for reconsideration of the September 2, 1998 order. It also filed a motion to transfer venue to newly added plaintiffs which included an objection to the joinder of all of the plaintiffs to the suit. Twice during early 1999, new plaintiffs were added to the suit bringing the ultimate total to fifty-three. Each time new plaintiffs were added, Dayco responded with a motion to transfer venue and an objection to joinder of the new plaintiffs. On August 2, 1999, after a hearing, the trial court entered an order denying Dayco's reconsideration motion and its three motions objecting to joinder of the newly added plaintiffs. Thereafter, interlocutory appeal was filed on August 12, 1999, pursuant to section 15.003 of the Texas Civil Practice and Remedies Code which provides:

§ 15.003. **Multiple Plaintiffs and Intervening Plaintiffs**

(a) In a suit where more than one plaintiff is joined each plaintiff must, independently of any other plaintiff, establish proper venue. Any person who is unable to establish proper venue may not join or maintain venue for the suit as a plaintiff unless the person, independently of any other plaintiff, establishes that:

(1) joinder or intervention in the suit is proper under the Texas Rules of Civil Procedure;

(2) maintaining venue in the county of suit does not unfairly prejudice another party to the suit;

(3) there is an essential need to have the person's claim tried in the county in which the suit is pending; and

(4) the county in which the suit is pending is a fair and convenient venue for the person seeking to join in or maintain venue for the suit and the persons against whom the suit is brought.

(b) A person may not intervene or join in a pending suit as a plaintiff unless the person, independently of any other plaintiff:

(1) establishes proper venue for the county in which the suit is pending; or

(2) satisfies the requirements of Subdivisions (1) through (4) of Subsection (a).

(c) Any person seeking intervention or joinder, who is unable to independently establish proper venue, or a party opposing intervention or joinder of such a person may contest the decision of the trial court allowing or denying intervention or joinder by taking an interlocutory appeal to the

court of appeals district in which the trial court is located under the procedures established for interlocutory appeals. The appeal must be perfected not later than the 20th day after the date the trial court signs the order denying or allowing the intervention or joinder. The court of appeals shall:

(1) determine whether the joinder or intervention is proper based on an independent determination from the record and not under either an abuse of discretion or substantial evidence standard; and

(2) render its decision not later than the 120th day after the date the appeal is perfected by the complaining party.

TEX. CIV. PRAC. & REM.CODE ANN. § 15.003 (Vernon Supp.1999).

### MOTION FOR RECONSIDERATION

 We will first address Dayco's second issue on appeal. In its second issue, Dayco contends the trial court erred in denying its motion for reconsideration of the September 2, 1998 order. Ordinarily, appeal does not immediately lie from a trial court order regarding venue. *Surgitek, Bristol–Meyers Squibb Co. v. Abel,* 997 S.W.2d 598, 601 (Tex.1999). However, as shown in section 15.003(c) of the Texas Civil Practice and Remedies Code, a party aggrieved by a trial court's determination of a joinder issue may contest the decision by interlocutory appeal. *Id.* We first must determine whether Dayco has properly invoked our jurisdiction to consider the trial court's denial of its motion for reconsideration of the joinder issue with its motion for reconsideration of the September 2, 1998, order.

 An interlocutory appeal under section 15.003(c) of the Texas Civil Practice and Remedies Code with regard to a joinder issue under Rule 41 of the Texas Rules of Civil Procedure is considered an accelerated appeal. TEX.R.APP. P. 28.1; *see Iron Mountain v. Easley Trailer Mfg.,* 964 S.W.2d 762, 763 (Tex.App.—Amarillo 1998, no pet.). An interlocutory appeal under

section 15.003 must be perfected by filing a notice of appeal "not later than twenty days" after the complained-of order is signed. TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(c); *Iron Mountain,* 964 S.W.2d at 763. That would have required Dayco to have filed an interlocutory appeal as to the September 2 order by September 22, 1998.

Although Dayco filed a motion for reconsideration almost three months after the trial court entered its September 2 order denying severance as to the thirty "current plaintiffs" and although a motion for reconsideration is equivalent to a motion for new trial, *IPM Products Corp. v. Motor Parkway Realty,* 960 S.W.2d 879, 882 (Tex.App.—El Paso 1997, no pet.), the filing of a motion for new trial will not extend the time for perfecting an interlocutory appeal. TEX.R.APP. P. 28.1. Consequently, Dayco's motion for reconsideration did not extend its time for filing an interlocutory appeal from the September 2, 1998 order as it related to joinder of the parties. TEX.R.APP. P. 28.1. Thus, the joinder issue as to the first thirty plaintiffs has not been properly perfected in this interlocutory appeal, and we are without jurisdiction to consider Dayco's issue two.

### JOINDER AS TO POST-SEPTEMBER 2, 1998 PLAINTIFFS

 In its first issue, Dayco argues that the trial court erred in refusing to sever all of the plaintiffs from the Gregg County suit whose cause of action did not arise in Gregg County. As we have shown above, we do not have jurisdiction in this accelerated or interlocutory appeal as to the thirty plaintiffs who were joined in the suit prior to the September 2, 1998, order shown above. We therefore consider Dayco's issue one only as it relates to the remaining twenty-three plaintiffs who joined this suit following September 2, 1998.

 Before the trial court reaches the joinder elements under sections 15.003(a), it first has to determine whether a plaintiff

can independently establish proper venue. *Surgitek, Bristol–Meyers Squibb Co.*, 997 S.W.2d at 602. This determination is made using venue-proof standards: "if the plaintiff offers prima facie proof through pleadings and affidavits of each element that venue is proper, the inquiry is over." *Id.* The general rule in establishing venue is that the lawsuit should be brought in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred, or in the county of the defendant's principal office in the state, if the defendant is not a natural person. TEX. CIV. PRAC. & REM.CODE ANN. § 15.002 (Vernon Supp.1999). The pleadings and the affidavits showed that the parties agreed that the causes of action as to twenty-two of the twenty-three post-September 2, 1998 plaintiffs occurred outside of Gregg County.[3] Further, there was nothing in the pleadings or affidavits to indicate that Gregg County was the location of any of three defendants' principal office in the State.

■ Since twenty-two of the twenty-three plaintiffs failed to establish proper venue in Gregg County, we now must look to determine whether they established all four of the elements described in section 15.003(a) of the Texas Civil Practice and Remedies Code. *Surgitek, Bristol–Meyers Squibb Co.*, 997 S.W.2d at 602. Following the standard of review established by the supreme court, we have reviewed the appellate record de novo. *Id.* Further, following the supreme court's example in *Surgitek*, and emulated by our sister courts in Eastland and Corpus Christi, we have examined the record for evidence that the twenty-two plaintiffs have established an "essential need" to bring this suit in Gregg County. *Id.* at 604; *American Home Products Corp. v. Burrough*, 998 S.W.2d 696, 700 (Tex.App.—Eastland 1999, no pet.); *American Home Products Corp. v. Bernal*, 5 S.W.3d 344,(Tex.App.—Cor-

pus Christi 1999, n.p.h.). The "essential need" element of section 15.003(a) requires that each plaintiff seeking joinder demonstrate that there is "an essential need" for his claim to be tried in the county in which it is brought. *Surgitek, Bristol–Meyers Squibb Co.*, 997 S.W.2d at 604. An "essential need" is one that is "indispensably necessary." *Id.*

In reviewing the appellate record, we have found no specific reason or need shown by the plaintiffs as to why suit was brought in Gregg County. One affidavit in the record states that three of the seventeen original plaintiffs lived in Gregg County. Perhaps that suggests that the suit was brought in Gregg County because more of the original plaintiffs live there than anywhere else in the state. However, of the seventeen original plaintiffs, two each lived in Collin, Dallas, Ector and El Paso counties. Moreover, none of the plaintiffs whose cause of action arose outside of Gregg County ever demonstrated an essential need for their claim to be tried in Gregg County. Because we conclude that the plaintiffs failed to establish this joinder element, we need not consider whether they established the other three. *Id.*

Accordingly, we *dismiss* this interlocutory appeal of the joinder issue as to the thirty September 2, 1998, plaintiffs, and *reverse* the trial court's order on the joinder issue as to the remaining twenty-two plaintiffs living outside of Gregg County and joined to this suit after September 2, 1998, and we *remand* these claims to the trial court for further orders consistent with this opinion.

---

**3.** Jerry Stone, one of the twenty-three post-September 2, 1998 plaintiffs, did have his cause of action arise in Gregg County.