**AMERICAN HOME PRODUCTS CORPORATION and Wyeth–Ayerst Laboratories, a division of American Home Products Corporation, Petitioners,**

v.

**Fawn C. CLARK, Sylvia Jacobson, Anna Kraus, Sharlet Laws, Nancy Webster, Donna Welch, Delia Zeeh, Carol Bodily, Mary Jo Hall, and Shonna Bush, Respondents.**

No. 99–1056.

Supreme Court of Texas.

Argued Sept. 6, 2000.

Decided Dec. 21, 2000.

David C. Duggins, Marnie Ann McCormick, Burgain G. Hayes, Kenneth J. Ferguson, Clark, Thomas & Winters, Patrick L. DeLaune, Austin, Grant Liser, Brown Herman Dean Wiseman Liser & Hart, Fort Worth, Leslie A. Benitez, Susan Elizabeth Burnett, Clark Thomas & Winters, Austin, Brian P. Leitch, Denver, CO, for petitioners.

Michael Y. Saunders, Helm Pletcher Bowen & Saunders, Sharon S. McCally, Daryl L. Moore, Moore & McCally, J. Donald Bowen, Helm Pletcher Bowen & Saunders, Dan M. Boulware, MacLean & Boulware, J. Scott Nabors, Helm Pletcher Bowen & Saunders, Houston, for respondents.

Justice BAKER delivers the opinion of the Court in which Chief Justice PHILLIPS, Justice ENOCH, Justice ABBOTT, Justice HANKINSON, Justice O'NEILL, and Justice GONZALES join.

This case requires us to interpret the interrelation between sections 15.002, 15.003, and 15.064 of the Texas Civil Practice and Remedies Code. American Home Products Corporation and its division,

Wyeth–Ayerst Laboratories (American Home), challenged the propriety of venue in Johnson County, Texas, of the nonresident plaintiffs under sections 15.002 and 15.003 of the Code. The trial court held that each plaintiff had established venue against all defendants under sections 15.002(a)(2) and 15.005 of the Code. American Home filed an interlocutory appeal from the trial court's order. The court of appeals dismissed American Home's appeal for want of jurisdiction. 999 S.W.2d 908. The primary issue in this case is whether section 15.003(c) grants a court of appeals interlocutory appellate jurisdiction over all venue decisions that relate to intervention or joinder. We hold that the court of appeals correctly held it does not. Accordingly, we affirm its judgment.

## I. JURISDICTION

### A. The Code Provisions

Under the Legislature's general venue scheme, except as otherwise provided, all lawsuits shall be brought in the county of the defendant's residence at the time the cause of action accrued if the defendant is a natural person. Tex. Civ. Prac. & Rem. Code § 15 .002(a)(2). When a plaintiff has established proper venue against a defendant, the court also has venue of all the defendants in all claims or actions arising out of the same transaction, occurrence, or series of transactions or occurrences. Tex. Civ. Prac. & Rem.Code § 15.005. In a suit in which more than one plaintiff is joined, each plaintiff must independently establish proper venue. Tex. Civ. Prac. & Rem.Code § 15.003(a). The Legislature has provided that no interlocutory appeal shall lie from a trial court's determination of a venue question. Tex. Civ. Prac. & Rem.Code § 15.064(a). But the Legislature has provided the right of limited interlocutory appeal in an intervention or joinder situation:

> Any person seeking intervention or joinder, who is unable to independently establish proper venue, or a party opposing intervention or joinder of such a person may contest the decision of the

trial court allowing or denying intervention or joinder by taking an interlocutory appeal to the court of appeals' district in which the trial court is located under the procedures established for interlocutory appeals.

Tex. Civ. Prac. & Rem.Code § 15.003(c).

### B. Procedural History

Here, eleven plaintiffs sued ten defendants in Johnson County, Texas, claiming injuries resulting from taking diet drugs commonly known as Fen–Phen. Nine plaintiffs live outside Texas, one lives in Gregg County, Texas, and only one lives in Johnson County, the county of suit. American Home does not challenge venue as it relates to the Johnson County resident. American Home filed a Motion to Transfer Venue, Objection to Attempted Joinder, and a Motion to Strike or Sever the Plaintiffs. It challenged the propriety of venue of the nonresident plaintiffs in Johnson County under both sections 15.002 and 15.003 of the Code. The plaintiffs responded to these motions by filing affidavits of each plaintiff, an affidavit of one of their attorneys, and affidavits of their experts. The trial court conducted a nonevidentiary hearing and denied all American Home's motions without specifying the grounds for its decision.

American Home filed an interlocutory appeal of the trial court's order. American Home asserted that the plaintiffs could not establish venue under section 15.002(a) and that they had failed to establish joinder under section 15.003(a). The plaintiffs contended that they had established venue under section 15.002(a) because each had individually sued the Johnson County physician who had treated the Johnson County plaintiff.

The court of appeals observed that the trial court's order did not specify on what ground the trial court had denied American Home's Motion to Transfer. Thus, the court could not determine whether it had jurisdiction of American Home's appeal.

Accordingly, it abated the appeal and requested the trial court to enter an order specifying the basis for its ruling. 3 S.W.3d 57.

The trial court signed a revised order, which held that (1) the plaintiffs each established venue against the Johnson County physician under section 15.002(a)(2), and (2) because the plaintiffs established venue against the physician, venue was proper against all other defendants under section 15.005. Subsequently, the court of appeals, with one judge dissenting, held that because the trial court's denial of American Home's motions was under section 15.002, it had no interlocutory-appeal jurisdiction. 999 S.W.2d 908. Here, American Home raises two issues: (1) whether the court of appeals abused its discretion by abating the appeal and requiring the trial court to enter a clarifying order; and (2) whether, under section 15 .003(c), a court of appeals has interlocutory appellate jurisdiction over all venue decisions that relate to intervention or joinder.

### C. ANALYSIS

■ American Home recognizes that the law requires a party to wait until a final judgment is entered in a case to appeal an erroneous venue ruling *See* TEX. CIV. PRAC. & REM.CODE § 15.064(a); *Wilson v. Texas Parks & Wildlife Dep't*, 886 S.W.2d 259, 262 (Tex.1994). However, American Home asserts that this rule does not apply in multi-plaintiff trials because the Legislature has provided an avenue for speedy pretrial appellate review in section 15.003.

American Home recognizes that a court of appeals may only exercise interlocutory jurisdiction under section 15.003 if the joining party is unable to establish proper venue independently under section 15.002. But American Home also notes that section 15.003 requires a court of appeals to decide the joinder issue based upon an independent determination from the record. Therefore, it contends that when a plaintiff argues venue under both sections 15.002 and 15.003, the court of appeals must independently determine whether the plaintiff can establish venue under section 15.002 to determine whether it has jurisdiction under section 15.003.

American Home further contends that a court of appeals must be able to review a trial court's decision to permit a multi-plaintiff case to proceed in the face of a venue or joinder challenge, regardless of the expressed basis for the trial court's decision, if section 15.003 is to retain any meaning. Thus, American Home argues, to determine its own jurisdiction under section 15.003(c), a court of appeals must decide whether a party is a person unable to independently establish proper venue.

On the other hand, the plaintiffs argue that the Legislature has expressly mandated that venue determinations are not subject to interlocutory appeal. *See* TEX. CIV. PRAC. & REM.CODE § 15.064(a). They argue that while section 15.003's plain language grants an interlocutory appeal to those opposing the joinder of persons who are unable to independently establish proper venue, that section does not grant an interlocutory appeal to those opposing the joinder of persons who *are able* to independently establish proper venue. Plaintiffs assert that, here, because the trial court determined that the plaintiffs independently established proper venue under sections 15.002 and 15.005, the trial court never reached the joinder issue under 15.003(a). Thus, the plaintiffs contend that interlocutory appellate jurisdiction does not exist under 15.003(c) to review the trial court's venue determination.

■ When we construe a statute, our objective is to determine and give effect to the Legislature's intent. TEX. GOV'T CODE § 312.005; *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex.1998). We endeavor to discover what the Legislature intended from the actual language that the Legislature used. *Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 438 (Tex.1997). We look first

to the plain and common meaning of the statute's words. *Fitzgerald v. Advanced Spine Fixation Sys., Inc.,* 996 S.W.2d 864, 865 (Tex.1999).

■ Section 15.003 is not a venue statute; it is a joinder statute. The statute allows an interlocutory appeal for one specific purpose: to contest the trial court's decision allowing or denying intervention or joinder. *See* Tex. Civ. Prac. & Rem.Code § 15.003(c); *Surgitek, Inc. v. Adams,* 955 S.W.2d 884, 887 (Tex.App.—Corpus Christi 1997, pet. dism'd by agr.). Section 15.003(c) does not provide for an interlocutory appeal from the trial court's determination that a person seeking intervention or joinder has independently established proper venue. *See* Tex. Civ. Prac. & Rem. Code § 15.003(c); *Bristol–Myers Squibb Co. v. Goldston,* 983 S.W.2d 369, 374 (Tex. App.—Fort Worth 1998, pet. dism'd by agr.); *Adams,* 955 S.W.2d at 887.

When the trial court's order necessarily determines an intervention or joinder issue under section 15.003(a), section 15.003(c) plainly allows for either party to contest that decision by taking an interlocutory appeal. *See* Tex. Civ. Prac & Rem.Code § 15.003(c); *Surgitek v. Abel,* 997 S.W.2d 598, 601 (Tex.1999). Conversely, if the trial court determines that venue is proper under section 15.002, the inquiry is over. This is because section 15.003(a) takes as its starting point a "person who is unable to establish proper venue." *Surgitek v. Abel,* 997 S.W.2d at 602. Thus, if the trial court, even erroneously, decides that venue is proper under section 15.002, an interlocutory appeal under section 15.003(c) is unavailable. *See* Tex. Civ. Prac. & Rem. Code § 15.064(a); *Adams,* 955 S.W.2d at 887. Neither the court of appeals nor this Court can review the propriety of the trial court's venue decision.

American Home's argument that a court of appeals has interlocutory-appeal jurisdiction over all venue decisions that relate to intervention or joinder is without merit. Such an interpretation would make any trial court venue decision under § 15.002 in a multi-plaintiff case reviewable by interlocutory appeal, which is contrary to the plain language of the statute. *See* Tex. Civ. Prac. & Rem.Code § 15.064 ("No interlocutory appeal shall lie from the [venue] determination."). The language the Legislature used clearly indicates its intent to limit interlocutory appellate review of a trial court's decision to whether certain plaintiffs may intervene or join in the suit. *See* Tex. Civ. Prac. & Rem.Code § 15.003(c) ("Any person seeking intervention or joinder, who is unable to independently establish proper venue, or a party opposing intervention or joinder of such a person *may contest the decision of the trial court allowing or denying intervention or joinder* by taking an interlocutory appeal.") (emphasis added). Section 15.003(c) does not permit an interlocutory appeal under the circumstances that exist here. Accordingly, we conclude that the court of appeals correctly dismissed American Home's appeal for want of jurisdiction.

## II. THE ABATEMENT ORDER

■ American Home also contends that the court of appeals violated Rule 29.5 of the Texas Rules of Appellate Procedure by abating the appeal and asking the trial court to enter an order specifying the basis for its ruling. American Home's position is that the court of appeals' jurisdiction attached when American Home filed its notice of appeal and that the court should have exercised its jurisdiction free from the trial court's interference. Specifically, American Home asserts that the court of appeals' abatement order violated Rule 29.5 by inviting interference with the court of appeals' jurisdiction and instructing the trial court how to make its decision nonreviewable.

Rule 29.5 provides that while an interlocutory appeal is pending, a trial court retains jurisdiction of the case and may make further orders and may even proceed with the trial on the merits. Tex. R.App. P. 29.5. The rule only prohibits a trial court from entering an order that (1)

is inconsistent with any appellate court temporary order, or (2) interferes with or impairs the appellate court's jurisdiction or the effectiveness of any relief sought or that may be granted on appeal. Tex. R.App. P. 29.5.

Here, American Home complains only about the court of appeals' abatement order and asserts no complaint about the trial court's order. Accordingly, Rule 29.5 of the Texas Rules of Appellate Procedure is not the governing rule. Instead, Rule 44 of the Texas Rules of Appellate Procedure governs the court of appeals' action in this case. Rule 44.4(a) prohibits the court of appeals from affirming or reversing a judgment if a trial court's erroneous action or inaction prevents a proper presentation of a case to the court of appeals and the trial court can correct its action or failure to act. Tex.R.App. P. 44.4(a). If the circumstances in 44.4(a) exist, the court of appeals must direct the trial court to correct the error. Tex.R.App. P. 44.4(b). Here, the court of appeals complied with Rule 44.4 in requiring the trial court to enter a clarifying order to allow a proper presentation of the appeal.

## III. CONCLUSION

We conclude that the court of appeals did not abuse its discretion in abating American Home's appeal and requiring the trial court to render a clarifying order. We further conclude that the court of appeals correctly dismissed American Home's appeal for want of jurisdiction. Accordingly, we affirm the court of appeals' judgment.

Justice ENOCH, joined by Chief Justice PHILLIPS, concurring.

I join the Court's opinion and judgment because the legal reasoning is correct and,

therefore, the judgment is required. I write separately to express my concern about the trial court's role in this result.

By legislative enactment, if improper venue is the question, there is no interlocutory appeal.[1] Nor is mandamus available, absent truly extraordinary circumstances,[2] because an appeal is available once trial has concluded, and improper venue is automatically reversible error.[3] This statutory scheme reflects a carefully crafted legislative compromise between plaintiffs' and defendants' conflicting interests: defendants cannot delay a trial through an interlocutory appeal, but a plaintiff who secures a trial in an improper venue faces reversal after that trial.[4] In 1995, the Legislature carved out the narrow exception for joinder decisions that the Court examines today, but, as the Court correctly determines, this exception does not permit an interlocutory appeal for venue rulings simply because they are related to joinder.[5] To rule as the dissent would, while bolstering the legislative response to *Polaris Investment Management Corp. v. Abascal,*[6] essentially would undo the careful compromise reached on venue. But as this case demonstrates, potential mischief is abundant-a trial court, actually addressing joinder, can insulate its order from appellate scrutiny simply by holding that each plaintiff has independently established venue, even though such a holding on the record presented is clearly wrong.

The plaintiffs' pleadings here are obtuse, perhaps intentionally so, with respect to who is suing whom for what. An example is this excerpt:

42. Plaintiffs bring this cause of action [Negligent misrepresentation] against

1. Tex. Civ. Prac. & Rem.Code § 15.064(a).

2. *See In re Masonite Corp.,* 997 S.W.2d 194, 197 (Tex.1999); *Polaris Inv. Mgmt. Corp. v. Abascal,* 892 S.W.2d 860, 862 (Tex.1995).

3. Tex. Civ. Prac. & Rem.Code § 15.064(b).

4. *See* Price, *New Texas Venue Statute: Legislative History,* 15 St. Mary's L.J. 855, 875–878

(1984); *see also Wilson v. Texas Parks & Wildlife Dep't,* 886 S.W.2d 259, 262 (Tex.1994).

5. Tex. Civ. Prac. & Rem.Code § 15.003(c), added by Acts 1995, 74th Leg., ch. 138, § 1.

6. 892 S.W.2d 860 (Tex.1995).

all defendants, including the doctor defendants. . . .

Yet only one doctor is named in the pleadings as a defendant, and only one of the eleven plaintiffs is alleged to have been treated by that doctor.

Having explored the pleadings, it is evident to me that only one plaintiff had a claim against the one resident defendant, the doctor. Thus, venue is independently appropriate in Johnson County only as to that one plaintiff.[7] In fact, in opposing the other defendants' efforts to have the remaining plaintiffs' claims severed and transferred to another county, the remaining plaintiffs argued only that venue was proper because joinder with the one plaintiff's action was proper. It therefore baffles me why the trial court would sign an order concluding that venue was established independently as to *each* plaintiff.

This action not only baffles me, it troubles me greatly. To begin with, it seems to me that joinder of the claims in this case may arguably be proper. Had the order rested on that ground, appellate review would be immediately available and the issues could be quickly and appropriately resolved. But the trial court opted instead for a controversial decision, which by depriving a party of the opportunity for appellate review could undermine the appearance of impartiality so critical to the parties' confidence in and acceptance of the court's authority.

In the end, as the record thus far demonstrates, venue likely will not be independently established as to each of these plaintiffs. And because improper venue is mandatorily reversible, the trial of this case will likely be a waste of time.[8] Nevertheless, I am compelled to conclude, as the Court does, that the court of appeals correctly dismissed American Home's appeal for want of jurisdiction.

Justice OWEN, joined by Justice HECHT, dissenting.

Section 15.003 was a cornerstone of the Legislature's tort reform efforts in the 1995 legislative session. It was designed to preclude the joinder of multiple parties in a forum in which venue over their claims does not lie. More to the point in this case, it was intended to give appellate courts the power to bring a quick end to instances of blatant forum shopping. There should be no mistake about legislative intent. The Court disregards that intent. I therefore dissent.

## I

The Court today sanctions a sham and a fraud on the legal system. The trial court did not have even a colorable basis for finding that each plaintiff in this multi-plaintiff suit established venue "independently of any other plaintiff." Tex. Civ. Prac. & Rem.Code § 15.003(a). Yet, the Court renders itself impotent to deal with the matter by adopting an untenable interpretation of section 15.003.

Eleven plaintiffs have joined in a single suit they filed in Johnson County, Texas. They have alleged that they were injured from taking drugs commonly called Fen Phen. Seven of the plaintiffs are residents of Utah, and one is a resident of North Carolina. None of these out-of-state plaintiffs received prescriptions for or took Fen–Phen in Texas. The remaining two plaintiffs are Texas residents, but only one of them, Glenda Gallup, is a resident of Johnson County. The other Texas resident had no contact with Johnson County or residents of Johnson County other than to file her suit there. There are nine defendants, but only one of them, Dr. Arthur L. Raines, is a resident of Johnson County. He treated Gallup, but none of the other plaintiffs has had any contact or dealings with Raines, and the plaintiffs do not contend otherwise.

---

**7.** *See id.* § 15.002(a).

**8.** *Id.* § 15.064(b).

In their petition, the plaintiffs asserted venue under sections 15.002(a)(1) and 15.003 of the Texas Civil Practice and Remedies Code. Several of the defendants, including American Home Products, joined in a motion to transfer venue that also contained objections to venue and joinder. The trial court denied that motion and overruled the objections without stating the grounds for its decision. American Home Products brought an interlocutory appeal.

The court of appeals abated the case and requested the trial court to enter a more specific order. The court of appeals opined in its abatement order that if the basis for the trial court's ruling was that the plaintiffs had established venue under section 15.002(a), then the appellate court did not have jurisdiction. The trial court subsequently issued a revised order in which it concluded that because Raines was a resident of Johnson County, each plaintiff had established venue under sections 15.002(a)(2) and 15.005. The trial court further stated in its revised order that it "need not decide the issues" concerning section 15.003. The trial court did not attempt to address the fact that in their "Submission of Venue Evidence," the plaintiffs, other than Gallup, offered only one basis for venue, which was their contention that the four elements of subsections (1) through (4) of section 15.003 (including essential need and the need for trial in the county of suit) had been met. Nor did the trial court attempt to explain how each plaintiff had established venue under section 15.002 based on Raines' residency when only one plaintiff had been treated by Raines. There was absolutely no evidence in the record that any plaintiff other than Gallup had even asserted a claim against Raines. Accordingly, there was no evidence that any plaintiff other than Gallup had established venue under sections 15.002 and 15.005 and thus met the requirement under section 15.003 that each plaintiff establish venue "independently of any other plaintiff." TEX. CIV. PRAC. & REM.CODE § 15.003(a).

The court of appeals held that since the trial court's ruling at least facially relied on section 15.002(a), "section 15.003(c) cannot be the jurisdictional basis for this appeal." 999 S.W.2d at 910. The court of appeals therefore refused to consider the merits of the appeal and dismissed it for want of jurisdiction. Justice Gray dissented based on "[t]he plain language of section 15.003." *Id.* at 911.

I agree with Justice Gray and the three other courts of appeals that have considered the issue presented in this case. In a multi-plaintiff suit, appellate courts are to determine in an interlocutory appeal whether each plaintiff has established venue independently of any other plaintiff as required by section 15.003. *See Dayco Prods., Inc. v. Ebrahim,* 10 S.W.3d 80, 83–84 (Tex.App.—Tyler 1999, no pet.); *Blalock Prescription Ctr., Inc. v. Lopez–Guerra,* 986 S.W.2d 658, 661 (Tex.App.—Corpus Christi 1998, no pet.); *see also Masonite Corp. v. Garcia,* 951 S.W.2d 812 (Tex. App.—San Antonio 1997, orig. proceeding), *mand. granted sub nom In re Masonite,* 997 S.W.2d 194 (Tex.1999).

## II

The Legislature has said in section 15.003 that when there is more than one plaintiff in a case, each plaintiff must establish proper venue independently of any other plaintiff. TEX. CIV. PRAC. & REM.CODE § 15.003(a). If a plaintiff is unable to establish independent venue, then he or she may not join or maintain venue for the suit unless the four requirements set forth in section 15.003(a) are met. *Id.* Both plaintiffs and defendants have a right of interlocutory appeal under section 15.003(c), and appellate courts are directed to determine whether "the joinder or intervention is proper based on an independent determination from the record." Section 15.003 provides, in its entirety:

**§ 15.003. Multiple Plaintiffs and Intervening Plaintiffs**

(a) In a suit where more than one plaintiff is joined each plaintiff must, independently of any other plaintiff, establish proper venue. Any person who is unable to establish proper venue may not join or maintain venue for the suit as a plaintiff unless the person, independently of any other plaintiff, establishes that:

(1) joinder or intervention in the suit is proper under the Texas Rules of Civil Procedure;

(2) maintaining venue in the county of suit does not unfairly prejudice another party to the suit;

(3) there is an essential need to have the person's claim tried in the county in which the suit is pending; and

(4) the county in which the suit is pending is a fair and convenient venue for the person seeking to join in or maintain venue for the suit and the persons against whom the suit is brought.

(b) A person may not intervene or join in a pending suit as a plaintiff unless the person, independently of any other plaintiff:

(1) establishes proper venue for the county in which the suit is pending; or

(2) satisfies the requirements of Subdivisions (1) through (4) of Subsection (a).

(c) Any person seeking intervention or joinder, who is unable to independently establish proper venue, or a party opposing intervention or joinder of such a person may contest the decision of the trial court allowing or denying intervention or joinder by taking an interlocutory appeal to the court of appeals district in which the trial court is located under the procedures established for interlocutory appeals. The appeal must be perfected not later than the 20th day after the date the trial court signs the order denying or allowing the intervention or joinder. The court of appeals shall:

(1) determine whether the joinder or intervention is proper based on an independent determination from the record and not under either an abuse of discretion or substantial evidence standard; and

(2) render its decision not later than the 120th day after the date the appeal is perfected by the complaining party. TEX. CIV. PRAC. & REM.CODE § 15.003.

This Court has often said that in determining legislative intent, "we examine the old law, the evil to be corrected, and the object to be obtained." *E.g., Barshop v. Medina County Underground Water Conservation Dist.*, 925 S.W.2d 618, 629 (Tex. 1996) (citing *Crimmins v. Lowry*, 691 S.W.2d 582, 584 (Tex.1985)). Similarly, the Legislature has told us that in construing a statute, we may consider factors that include the object the Legislature sought to attain, the circumstances under which the statute was enacted, former statutory provisions, and the consequences of a particular construction. TEX. GOV'T CODE § 311.023. (The Code Construction Act applies to section 15.003 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM.CODE § 1.002.) One example of the evils under the old law that the Legislature attempted to correct when it enacted section 15.003 was exhibited in this Court's decision in *Polaris Investment Management Corp. v. Abascal*, 892 S.W.2d 860 (Tex.1995).

In that case, about 2700 plaintiffs sued Polaris in Maverick County. Only one of the plaintiffs was a resident of that county. *Polaris Inv. Mgmt. Corp. v. Abascal*, 890 S.W.2d 486, 487 (Tex.App.—San Antonio 1994, orig. proceeding) (Rickoff, J., concurring). Many of the plaintiffs did not even reside in Texas. The trial court refused to transfer venue, concluding that the nonresident plaintiffs could properly join their claims with those of the sole Maverick County resident and that because venue was proper as to one defendant, it was proper as to all. *Id.* at 488. This Court referred to the plaintiffs' ability to hold

venue in Maverick County against a non-resident defendant as " 'tag-along' " venue. *See Polaris,* 892 S.W.2d at 862. At that time, there was no provision in the venue or joinder statutes that permitted an interlocutory appeal of venue or joinder rulings, no matter how egregious. Then, as now, the venue statutes provided that as a general proposition, interlocutory appeals are not available for venue rulings. TEX. CIV. PRAC. & REM.CODE § 15.064. The court of appeals and this Court accordingly denied mandamus relief. *See Polaris,* 892 S.W.2d at 862. In doing so, this Court observed, "the proper forum for dealing with the problems articulated in Polaris' petition and in the court of appeals' concurring opinion is the Texas Legislature ." *Id.* Just a few months after we handed down *Polaris,* the Legislature enacted section 15.003 as part of so-called tort reform legislation in Texas.

The consequences of the Court's construction of section 15.003, to borrow a phrase from the Code Construction Act, is that the evil under the old law will not be remedied. If the Court had *Polaris* before it today, the result would be unchanged. The Court would hold that since the plaintiffs asserted and the trial court found venue under section 15.002(a), there is no right to an interlocutory appeal or other interlocutory relief. The Court's reading of section 15.003 is plainly at odds with unmistakable legislative intent.

Section 15.003 affirmatively requires each plaintiff to establish venue "independently of any other plaintiff." TEX. CIV. PRAC. & REM.CODE § 15.003(a). This is the first hurdle erected by section 15.003. If a plaintiff cannot overcome that hurdle, then he or she can attempt to surmount the next hurdle, which is to meet the four requirements set forth in subsections (1) through (4) of section 15.003. Regardless of how the trial court rules, there is a right to an interlocutory appeal under section 15.003(c). "Any person seeking intervention or joinder, who is unable to independently establish venue, or a party opposing

intervention or joinder of such a person may contest the decision of the trial court allowing or denying intervention or joinder by taking an interlocutory appeal." TEX. CIV. PRAC. & REM.CODE § 15.003(c). But the Court says that if a trial court determines that a plaintiff has independently established venue, that is the end of the inquiry for an appellate court. 38 S.W.3d at 95. According to the Court, appellate courts cannot make "an independent determination from the record" of "whether the joinder or intervention is proper," even though that is what section 15.003(c)(1) contemplates. TEX. CIV. PRAC. & REM.CODE § 15.003(c)(1). The Court says that the trial court is the sole arbiter of whether a person seeking intervention or joinder is "unable to independently establish proper venue" for purposes of interlocutory appeals. *Id.*

The Court's holding is illogical, and its interpretation of the language used in section 15.003 is tortured. An appellate court is entitled to determine if a party bringing an interlocutory appeal is a person who "may contest the decision of the trial court." *Id.* § 15.003(c). Nothing in the statute suggests that a trial court decides if an appealing party is properly before an appellate court. The statute says that those who may appeal are (1) "[a]ny person seeking intervention or joinder, who is unable to independently establish proper venue," or (2) "a party opposing intervention or joinder of such a person [a person 'who is unable to independently establish proper venue']." *Id.* Courts of appeals are entitled under section 15.003(c) to decide whether a plaintiff is "a person who is unable to independently establish proper venue" and whether a defendant is opposing the intervention or joinder of "a person who is unable to independently establish proper venue." *Id.* If a plaintiff in actuality is unable to establish venue independently, then a defendant has a right to an interlocutory appeal under section 15.003 even if the trial court held that the plaintiff did independently establish venue.

At least three courts of appeals, the Corpus Christi, Tyler, and San Antonio courts, had no trouble in discerning legislative intent as expressed in section 15.003. The controversy in *Blalock Prescription Center, Inc. v. Lopez–Guerra*, 986 S.W.2d 658 (Tex.App.—Corpus Christi 1998, no pet.), was, like this case, part of the Fen-Phen litigation. Limpach, one of the plaintiffs who did not reside in the county of suit, asserted that venue over non-resident defendants was proper under section 15.002(a) and, alternatively, under section 15.003. *Lopez–Guerra*, 986 S.W.2d at 661. The trial court denied the defendants' motion to transfer venue and objections to Limpach's joinder. *Id.* In the interlocutory appeal that followed, the court of appeals observed that section 15.003 affirmatively requires a plaintiff to establish venue independently of any other plaintiff. *Id.* The court noted that this could be accomplished by meeting the requirements under the general venue provision, section 15.002. The court of appeals then proceeded to examine whether Limpach met the requirements of section 15.002 and concluded that she did not. *Id.* The court thus made an "independent determination from the record," as required by section 15.003(c)(1), of whether venue was proper under section 15.002 and whether Limpach was a person "who is unable to independently establish proper venue." *Id.*; TEX. CIV. PRAC. & REM.CODE § 15.003(a), (c). After determining that Limpach was indeed a "person who is unable to establish proper venue ... independently of any other plaintiff," the court then proceeded to determine whether Limpach met the four requirements set forth in section 15.003(a). *Id.* at 662. The court concluded that she had not and reversed the trial court's interlocutory venue determination. *Id.* at 666.

*Dayco Products, Inc. v. Ebrahim*, 10 S.W.3d 80 (Tex.App.—Tyler 1999, no pet.), was another interlocutory appeal under section 15.003. The court of appeals, like the court in *Lopez–Guerra*, considered as a threshold matter whether twenty-three plaintiffs had independently established proper venue in the county of suit. *Ebrahim*, 10 S.W.3d at 83–84. After concluding that they had not, the court said, "we now must look to determine whether they established all four of the elements described in section 15.003(a)." *Id.* at 84. Similarly, in *Masonite Corp. v. Garcia*, 951 S.W.2d 812 (Tex.App.—San Antonio 1997, orig. proceeding), *mand. granted sub nom In re Masonite*, 997 S.W.2d 194 (Tex.1999), the court of appeals said, albeit in dicta, that section 15.003(c) "necessarily authorizes" an appellate court to review the underlying venue determination in reviewing whether a plaintiff was or was not properly joined:

> It is true that section 15.003 requires a trial court to determine whether a plaintiff can independently establish venue in order to decide whether the plaintiff can join in a suit. Because section 15.003(c) authorizes an interlocutory appeal from a trial court's decision allowing or denying joinder, it necessarily authorizes an interlocutory appeal of the venue determination underlying this decision.

*Masonite Corp.*, 951 S.W.2d at 817 (citation omitted).

Instead of determining, as directed by section 15.003, whether the plaintiffs in this case were unable to meet the requirements of section 15.003, the Court says that its hands have been tied by the Legislature. Even though the Legislature for the first time in our jurisprudence has expressly granted a right to an interlocutory appeal of joinder issues in section 15.003, the Court says there is nothing it can do to remedy improper joinder until after rendition of a final judgment. That may well be after a full trial on the merits. I am at a loss to understand why the Court denies power to appellate courts that the Legislature clearly wanted them to have.

In granting the right to an interlocutory appeal in section 15.003(c), the Legislature recognized the harm that can occur from forum shopping and the need for prompt

relief. This case is a prime example. If the plaintiffs were to obtain a final judgment in their favor in Johnson County, they would face certain reversal on appeal because venue as to ten of the eleven plaintiffs is improper, and reversal is mandatory. TEX. CIV. PRAC. & REM.CODE § 15.064(b) (if venue is improper it "shall be reversible error"); *Ford Motor Co. v. Miles,* 967 S.W.2d 377, 382 (Tex.1998). Yet the plaintiffs obviously believe that the tactical advantages they will gain from maintaining venue in Johnson County outweigh that consideration.

### III

Venue lies in Johnson County only with respect to Gallup's claims. No plaintiff other than Gallup is a resident of Johnson County. The only defendant who resides in Johnson County is Gaines. No plaintiff other than Gallup makes a claim against Gaines. There is no basis under sections 15.002 and 15.005 for maintaining venue as to the remaining plaintiffs' claims. Accordingly, those plaintiffs did not "independently of any other plaintiff, establish proper venue." TEX. CIV. PRAC. & REM.CODE § 15.003(a).

Nor do subsections (1) through (4) of section 15.003(a) rescue the plaintiffs. Our decision in *Surgitek, Bristol–Myers Corp. v. Abel,* 997 S.W.2d 598 (Tex.1999), dispenses with the plaintiffs' argument that they have an essential need to maintain venue in Johnson County. They contend only that they need to "pool resources for common experts and issues and to reach trial expeditiously." We held in *Surgitek* that the need to pool resources will not carry the day. 997 S.W.2d at 604. Nor will proof that a plaintiff can obtain an earlier trial date in the county of suit suffice. *See id.* We said in *Surgitek* that "essential need" as used in section 15.003 means that it is "indispensably necessary" to try claims in a particular county. *Id.* Speed of trial does not meet the "very high" burden that section 15.003 sets forth. *See id.*

\* \* \* \* \*

Because the Court seriously undermines the Legislature's efforts to reform the legal system, I dissent. I would reverse the judgment of the court of appeals and remand this case to the trial court with instructions to grant the motion to transfer.