OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

October 31, 2002

Mr. William M. Jeter III, Chairman
Office of Rural Community Affairs
P.O. Box 12877
Austin, Texas 78711-2877

Opinion No. JC-0570

Re: Whether the Rural Foundation created by the Seventy-seventh Texas Legislature in chapter 110 of the Health and Safety Code may finance rural programs that are not health programs (RQ-0552-JC)

Dear Mr. Jeter:

You have requested our opinion as to whether the Rural Foundation may finance programs other than rural health programs. For the reasons set forth below, we conclude that it may not do so.

The Seventy-seventh Texas Legislature enacted House Bill 7, which amended chapter 487 of the Government Code to create the Office of Rural Community Affairs. *See* Act of May 23, 2001, 77th Leg., R.S., ch. 1424, 2001 Tex. Gen. Laws 5080. House Bill 7 requires "the governor, the lieutenant governor, and the speaker of the house of representatives," not later than November 1, 2001, to "appoint the initial members of the executive committee of the Office of Rural Community Affairs." *See id.* § 12(a), 2001 Tex. Gen. Laws, at 5096. Section 13 of that bill provided that "[o]n the date by which a majority of the members of the executive committee of the Office of Rural Community Affairs have taken office, the Center for Rural Health Initiatives is abolished and all powers, duties, obligations, rights, contracts, leases, records, property, and unspent and unobligated appropriations and other funds of the Center for Rural Health Initiatives are transferred to the Office of Rural Community Affairs." *Id.* § 13, 2001 Tex. Gen. Laws, at 5096-97. Thus, the Office of Rural Community Affairs is the successor agency to the Center for Rural Health Initiatives.

The Seventy-seventh Texas Legislature also enacted Senate Bill 115, which added chapter 110 to the Health and Safety Code to require the Center for Rural Health Initiatives, now the Office of Rural Community Affairs, to "establish the Rural Foundation as a nonprofit corporation that complies with the Texas Non-Profit Corporation Act." TEX. HEALTH & SAFETY CODE ANN. § 110.001(a) (Vernon Supp. 2002), *added by* Act of May 26, 2001, 77th Leg., R.S., ch. 1221, § 1, 2001 Tex. Gen. Laws 2792. The Rural Foundation is directed to "raise money from foundations, governmental entities, and other sources to finance health programs in the rural areas of the state," and is granted the "powers that are necessary and convenient to carry out its duties."[1]

---

[1] The Rural Foundation is also instructed to "develop and implement policies and procedures that clearly separate the responsibilities and activities of the foundation from the Center for Rural Health Initiatives," now the Office of Rural

(continued...)

TEX. HEALTH & SAFETY CODE ANN. § 110.002(a) (Vernon Supp. 2002). These are the sole statutorily-mandated duties of the Rural Foundation. It has been suggested "the Legislature intended that the Rural Foundation's duties not be limited to only financing health programs, but to finance other programs in rural areas of Texas as well."[2]

As the Texas Supreme Court said in *Fitzgerald v. Advanced Spine Fixation Systems, Inc.*:

> [I]t is cardinal law in Texas that a court construes a statute, "first, by looking to the plain and common meaning of the statute's words." If the meaning of the statutory language is unambiguous, we adopt, with few exceptions, the interpretation supported by the plain meaning of the provision's words and terms. Further, if a statute is unambiguous, rules of construction or other extrinsic aids cannot be used to create ambiguity.

*Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865-66 (Tex. 1999) (citation omitted). *See also Tex. Dep't of Transp. v. Garza*, 70 S.W.3d 802, 806 (Tex. 2002); *In re Am. Homestar of Lancaster, Inc.*, 50 S.W.3d 480, 486-87 (Tex. 2001); *Am. Home Prods. Corp. v. Clark*, 38 S.W.3d 92, 95-6 (Tex. 2000).

In our opinion, there can be no doubt about the legislative intent regarding the duties of the Rural Foundation. The purpose of the Rural Foundation is to raise money *"to finance health programs."* TEX. HEALTH & SAFETY CODE ANN. § 110.002(a) (Vernon Supp. 2002) (emphasis added). "Health programs" is a specific term. If a "program" is outside the province of "health programs," it is not the kind of program that the Rural Foundation may finance. Of course, it is a question of fact as to whether any particular program is a "health program."

Even though the statute is clear on its face, we note that our conclusion is also supported by legislative history. The bill analysis for the House committee report on Senate Bill 115 states:

> In its Interim Report to the 77th Legislature, the House Select Committee on Rural Development found a substantial gap between urban and rural health care, with rural areas having fewer professional health care providers and hospitals. According to the Center for Rural Health Initiatives (center), more than half of Texas' rural counties (101 out of 196) are considered health professional shortage areas. The center is the primary state resource in planning, coordinating, and advocating statewide efforts to ensure continued access to rural health care services. There are many national,

---

[1](...continued)
Community Affairs. TEX. HEALTH & SAFETY CODE ANN. § 110.002(c) (Vernon Supp. 2002).

[2]Letter from J. Randel (Jerry) Hill, General Counsel, Office of Rural Community Affairs, to Honorable John Cornyn, Texas Attorney General, at 1 (May 15, 2002) (on file with Opinion Committee).

> regional, and in-state foundations that award grants to nonprofit organizations for a variety of programs, but do not award grants to governmental entities. *A nonprofit foundation established under the umbrella of the center could help bring additional dollars to Texas to support rural health programs. Senate Bill 115 requires the center to establish the Rural Health Foundation*[3] *as a nonprofit organization to raise money to finance health programs in rural areas.*

HOUSE COMM. ON PUBLIC HEALTH, BILL ANALYSIS, Tex. S.B. 115, 77th Leg., R.S. (2001) (emphasis added). We conclude therefore that the Rural Foundation is not authorized to finance programs other than rural health programs.

---

[3]"Rural Health Foundation" was changed to "Rural Foundation" by subsequent amendment.

## S U M M A R Y

The Rural Foundation, a nonprofit corporation created by the Seventy-seventh Texas Legislature, is not authorized to finance programs other than rural health programs.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee