NUMBER 13-01-022-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI





 DR. RANDALL GARY SAMPLES , Appellant, 

v.


TEDRICK GRAHAM AND LAKISHA HEBERT , Appellees.




On appeal from the 172nd District Court

of Jefferson County, Texas.





O P I N I O N

Before Justices Dorsey, Yañez, and Wittig (1)

Opinion by Justice Wittig



This is a case of statutory construction. The issue is the method of calculation of prejudgment interest under the Medical
Liability and Insurance Improvement Act (MLIIA). Tex. Rev. Civ. Stat. Ann., art. 4590i (Vernon Supp. 2002). 
Prejudgment interest under MLIIA is unique because: 1) the interest calculation is allowed only on past damages; and 2)
the statute requires the interest must be assessed on the past damages found. Appellant argues for the deduction of a
settlement credit against the past damages found before calculating prejudgment interest. We agree with the trial court
that the plain language of the statute requires prejudgment interest be assessed on the unreduced past damages found by the
jury, and thus affirm the judgment.

Background

Tedrick Graham and Lakisha Hebert (collectively, Graham) sued three healthcare defendants for the death of their son. 
Two defendants settled with Graham prior to trial for a total of $387,500. The third defendant, Dr. Gary Samples, did not
settle, elected to take a credit for the dollar amount and proceeded to trial. See Tex. Civ. Prac. & Rem. Code Ann.
33.012(b)(1) (Vernon 1997). The jury rendered a verdict of $400,000, which included $250,000 in past damages. This left
Samples liable for $12,500 in damages after the settlement credit but before the calculation of prejudgment interest. 
Section 16.02(b) of the MLIIA states, in pertinent part, that "In a health care liability claim . . . the judgment must include
prejudgment interest on past damages found by the trier of fact, but shall not include prejudgment interest on future
damages found by the trier of fact." Tex. Rev. Civ. Stat. Ann., art. 4590i, § 16.02(b) (Vernon Supp. 2002). In rendering its
final judgment, the trial court calculated Samples's prejudgment interest liability on the past damages finding of $250,000.
The total prejudgment interest award was $77,876.71. The trial court then deducted the settlement credit from the sum of
the past damage finding and prejudgment interest.

Discussion

The court's ultimate goal in construing a statute is to give effect to the legislature's intent as expressed in the language of the
statute. Horizon/CMS Healthcare Corp. v. Auld, 34 S.W.3d 887, 892 (Tex. 2000) (construing MLIIA provisions). When a
statute is clear and unambiguous, we generally need not resort to rules of statutory construction to construe it. In re the
County of Jim Wells, 52 S.W.3d 698, 702 (Tex. 2001). But as the legislature permits, the court may still consider a statute's
legislative history, the consequences of a particular construction, and the statute's objectives, among other things. See Tex.
Gov't Code Ann. § 311.023 (Vernon 1998). 

Both parties rely heavily on Sisters of Charity v. Dunsmoor, 832 S.W.2d 112 (Tex. App.-Austin 1992, writ denied). There,
a similar question was presented: When a jury finds for the plaintiff, how is prejudgment interest calculated where two
healthcare defendants settled before trial and the sole remaining defendant elected to take a dollar-for-dollar settlement
credit? But Dunsmoor differs from this case in that it was determined prior to the MLIIA prejudgment interest statute. At
the time, prejudgment interest was calculated under the general prejudgment interest statute. Then codified at Texas
Revised Civil Statutes, article 5069-1.05, § 6(a), (2) it stated, in pertinent part:

Judgments in wrongful death, personal injury, and property damage cases must include prejudgment interest. Except as
provided by Subsection (b), 8), and (d) of this section, prejudgment interest accrues on the amount of the judgment . . . . (3)

Pursuant to this provision, the Dunsmoor trial court assessed prejudgment interest on the entire verdict amount, then
deducted the dollar-for-dollar credit. Dunsmoor, 832 S.W.2d at 114. The non-settling hospital-defendant appealed, arguing
that because "the amount of the judgment" was the basis upon which to calculate prejudgment interest, the trial court
should have reduced the amount of the verdict by the settlement credit before calculating prejudgment interest. Id. at 116.

The court of appeals first focused on the plain language of the statute: "Given the clear legislative mandate that
prejudgment interest accrues on the 'judgment amount,' the only question before the district court in calculating the
prejudgment interest was a determination of the appropriate 'judgment amount.'" Id. The court then noted that Civil
Practice and Remedies Code section 33.012(b), (4) the comparative responsibility statute, states that "the amount of
damages" shall be reduced by a credit when the claimant has settled with one or more persons. Dunsmoor, 832 S.W.2d at
117. In contrast, however, the prejudgment interest statute states that prejudgment interest accrues on "the amount of the
judgment." Id. (citations omitted).

Recognizing the legislature's choice of language as critical, the court stated:

This Court cannot ignore the legislature's use of the word "judgment," rather than "damages," in the prejudgment interest
statute. This Court has stated that "the language in a statute is presumed to have been selected and used with care," and
every word is presumed to have been intentionally used with meaning and purpose. 


Id. (citations omitted).

Based on this analysis, it reversed the trial court, concluding: "The amount of damages in a judgment is obtained by
reducing the jury verdict by any percentage of negligence attributable to the plaintiff(s) and then by any settlement credits
due the remaining defendant(s)." Id.

Here, we are facially presented with a virtual mirror image of the Dunsmoor scenario. Notably, however, the legislature
discarded the "amount of the judgment" basis for calculation of prejudgment interest and substituted "past damages found
by the trier of fact." Tex. Rev. Civ. Stat. Ann., art. 4590i, § 16.02(b) (Vernon Supp. 2002).

Samples argues that the legislature's use of the term "damages" in the MLIIA rather than "judgment" did not signify its
intent to change the method of calculating prejudgment interest (as established under the general prejudgment interest
statute and Dunsmoor). Rather, he claims, since the legislature was no longer allowing an award of prejudgment interest on
the entire judgment, the use of the term "damages" was merely the most sensible way of separating the future damage
portion of the award from the past damage portion of the judgment. Thus, he argues, the procedure for determining
prejudgment interest should remain unchanged. 

Was the legislature's change of terminology from "judgment" to "damages as found by the trier of fact" meaningless? We
think not. First, as did the court in Dunsmoor, we give great weight to the presumption that the "the language in a statute is
presumed to have been selected and used with care," and "every word is presumed to have been intentionally used with
meaning and purpose." Dunsmoor, 832 S.W.2d at 117. Further, we find that the presumption that the legislature meant
precisely what it said is greatly strengthened by additional factors. 

First, as Graham points out, the legislative history reveals that in the original bill, the legislature used the term "judgment." 
HB 971 provided that: 

In an action on a healthcare liability claim, a court may not award prejudgment interest for any part of a judgment
attributable to damages awarded to compensate the claimant for loss the claimant will incur after the date of the judgment,
including loss for future medical and other expenses, future loss of earning capacity or other wages, future pain and
suffering, future mental anguish and suffering, future loss of consortium, and future loss associated with disfigurement.

Tex. H.B. 971, 74th Leg., R.S. (1995). This version would have amended the general prejudgment interest statute, instead
of its final revised placement in the MLIIA. 

But this language was left to languish in committee, where it died. It was replaced with the version that was enacted into
law and is now before us for construction. That this change occurred further indicates that the language was chosen not by
accident, but was the result of careful deliberation, compromise, and a balancing of interests. (5) 

Another reason we believe the legislature meant exactly what it said is that it chose this language after Dunsmoor. Thus,
we presume it was aware that in the context of calculating prejudgment interest in a healthcare liability claim, the courts
treated the term "damages" substantively different than "judgment" and that, by the use of the terms it chose, the legislature
expected those terms to be construed consistently with previous holdings. See Phillips v. Beaber, 995 S.W.2d 655, 658
(Tex. 1999) (the legislature is presumed to have acted with knowledge of cases interpreting a statute). 

In sum, then, in construing the MLIIA prejudgment provision, we are confronted with three factors that strongly support
Graham's construction:

1. The legislature considered and rejected assessment of prejudgment interest on the portion of the "judgment" attributable
to past damages.

2. The legislature chose its words aware of the Dunsmoor court's emphasis on the material difference between the term
"damages found by the trier of fact" and "judgment."

3. The legislature's clearly articulated words, "the judgment must include prejudgment interest on past damages found by
the trier of fact," plainly command that prejudgment interest be calculated on that amount.
Samples makes several additional counter arguments. First, he claims that by settling with the other defendants, Graham
bargained away the right to collect prejudgment interest on those amounts, as the court found in Dunsmoor. Dusnmoor,
832 S.W.2d at 117. But, as discussed, the court in Dunsmoor was construing a statute that only awarded prejudgment
interest "on the judgment." Id. Here, the statute clearly requires an award of prejudgment interest on the past damages
finding. Moreover, the Dunsmoor court explicitly anticipated that a different result might obtain where the legislature
employed the language it did here. Id. 

Next, Samples asserts that allowing Graham to recover prejudgment interest on settled amounts violates the
one-satisfaction rule. We disagree. First, we note that the one-satisfaction rule is a creation of the common law. See
Stewart Title Guar. Co. v. Sterling, 822 S.W.2d 1, 5 (Tex. 1991). Here, the provision governing recovery is statutory and it
plainly dictates the plaintiff recover prejudgment interest on the factfinder's past damages award. Thus, under this statute,
the plaintiff is not making a double recovery because he is only recovering those damages authorized by the statute. Stated
otherwise, the full measure of damages as defined by statute is not determined until after prejudgment interest is assessed
on past damages; thus, a plaintiff would be denied his full recovery if the prejudgment interest were not calculated on the
entire amount. 

Samples also claims that calculating prejudgment interest on the entire past damages award is inconsistent with Civil
Practice and Remedies Code section 33.012. We see no such problem. By calculating the amount of prejudgment interest
on the past damages found by the trier of fact under the MLIIA, then deducting the section 33.012 settlement, the two
statutes operate consistently and harmoniously. (6)

Finally, Samples argues that allowing Graham to recover prejudgment interest on damages for which he has already
recovered and for which Samples is not liable presents an "absurd scenario" because Samples was required to pay interest
on amounts for which he was not held liable. We cannot say the legislature prescribed an absurd scenario. 

First, it is important to note that the legislature provides a mechanism and incentive for the healthcare defendant such as
Samples to avoid paying prejudgment interest altogether by settling the claim within 180 days. (7)

Additionally, the MLIIA reflects numerous measures the legislature took to minimize the liability of healthcare defendants. 
Among other things, the MLIIA is unique under Texas law in that it, for example, prohibits any prejudgment interest on
future damages, (8) provides for the plaintiff to post a significant cost bond, (9) and places a $500,000 cap on certain damages
(within which prejudgment interest must be included). (10) But the legislative process is not necessarily a one-sided affair. 
As we alluded to above, legislation often is the result of compromise and a balancing of interests among diverse and
competing constituencies representing not only the interests of healthcare entities, but those of injured patients as well. See
American Home Prod. Corp. v. Clark, 38 S.W.3d 92, 97 (Tex. 2000) (recognizing statutory scheme at issue as reflecting a
carefully crafted legislative compromise between plaintiffs' and defendants' conflicting interests). In this light, considering
that the MLIIA provides significant protections to healthcare defendants, and significantly restricts damages available to
injured patients, we do not perceive that allowing prevailing plaintiffs to recover prejudgment interest only on a statutorily
limited measure of past damages found by the jury presents an absurd scenario. 

In sum, we can no more ignore the legislature's choice of words in this case than the Austin court did in Dunsmoor. We
are bound to follow the plain language of the statute, especially given that the legislature considered and rejected language
that would lead to a contrary result. We therefore hold that the trial court properly calculated the award of prejudgment
interest on the "past damages found by the trier of fact." The judgment of the trial court is affirmed.

DON WITTIG,

Justice



Publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 28th day of March, 2002.

1. Retired Justice Don Wittig assigned to this court by the Chief Justice of the Supreme Court of Texas pursuant to Tex.
Gov't Code Ann. § 74.003 (Vernon 1998).

2. See Act of June 3, 1987, 70th Leg., 1st C.S., ch. 3, § 1, 1987 Tex. Gen. Laws 51, 51, repealed by Act of May 24, 1997,
75th Leg., R.S., ch. 1008, § 6(a), 1997 Tex. Gen. Laws 3091, 3602 (now codified at Tex. Fin. Code Ann. § 304.102
(Vernon Supp. 2002)).

3. In C & H Nationwide v. Thompson, 903 S.W.2d 315 (Tex. 1994), the Texas Supreme Court interpreted this provision to
mean that prejudgment interest was collectible on past and future damages. Id. at 327. The following year, apparently in
response to C&H, the legislature added the special prejudgment interest section to the MLIIA.

4. "If the claimant has settled with one or more persons, the court shall further reduce the amount of damages to be
recovered by the claimant with respect to a cause of action by a credit equal to . . . the sum of the dollar amounts of all
settlements." Tex. Civ. Prac. & Rem. Code Ann. §33.012 (Vernon 1997). 

5. In view of this, if we were to accept Samples's argument that the use of the term "damages found by the trier of fact"
was without significance, we would be giving effect to a rejected approach, and rejecting the appropriated approach.

6. In any event, because the MLIIA is specific to healthcare cases, it controls over the more general statutes. Horizon/CMS
Healthcare Corp. v. Auld, 34 S.W.2d 887, 901 (Tex. 2000).

7. See Tex. Rev. Civ. Stat. Ann., art. 4590i, § 16.02(a) (Vernon Supp. 2002). Similarily, if the defendant does not effect a
settlement, as in any lawsuit, he takes the risk of paying a judgment larger than he anticipated. 

8. Id. at § 16.02(b).

9. Id. at § 13.01.

10. Id. at § 11.02(a).