Dismissed and Memorandum Opinion filed August 11, 2011.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-11-00455-CV



 

Millennium Offshore Group,
Inc., Appellant

V.

Sue Ellen Whittington, Appellee

 



On Appeal from the 11th District
Court

Harris County, Texas

Trial Court Cause No. 2009-63380



 

MEMORANDUM  OPINION

 

This is an attempted interlocutory appeal of the
trial court’s order reinstating the intervention of appellee, Sue Ellen Whittington,
under section 15.003 of the Texas Civil Practice and Remedies Code governing
intervention and joinder of plaintiffs in multiple-party cases.  We dismiss for
want of appellate jurisdiction.

Background

On October 1, 2009, Millennium Offshore Group, Inc.
filed suit against Apache Corporation and ATP Oil and Gas Corporation in the
11th District Court in Harris County.  Millennium alleged that Apache
overcharged for compression fees pursuant to a “processing and handling”
agreement.  Prior to receiving the audit in which it discovered the overcharge,
Millennium sold its interest in the line that was overcharged to ATP. 
Millennium alleged that the overcharge took place before ATP purchased the
interest.  On February 19, 2010, Apache, after being served with the suit on
January 29, 2010, filed an interpleader petition in which Apache admitted the
funds were owed and sought to tender the funds into the registry of the court
to determine whether they were to be paid to Millennium or ATP.  

In the meantime, Whittington entered into a binding
settlement agreement with Dwayne Kent Singleton in which Singleton, among other
things, assigned to Whittington a “50% interest in the net proceeds” of the
funds recovered in the suit between Millennium and ATP.  The settlement
agreement stems from a suit filed in the 333rd District Court in Harris County,
which is related to the probate of the estate of Bernard Joseph Packard.  By
its terms, the agreement is performable in Harris County.  On December 14,
2010, Whittington filed a plea in intervention in the suit between Millennium
and ATP alleging that she is entitled, under the settlement agreement, to 50%
of the proceeds.  

On February 4, 2011, Millennium filed a motion to
strike the intervention in which it alleges that Whittington and Singleton have
both filed suit against each other for breach of the settlement agreement under
which Whittington bases her intervention.  While the breach of agreement suit
was pending in the 333rd District Court Whittington filed a petition for
voluntary bankruptcy, which had the effect of staying all proceedings in that
court.  On March 7, 2011, the trial court signed an order striking
Whittington’s petition in intervention.  On April 14, 2011, Whittington filed a
motion to reconsider the petition in intervention because her bankruptcy had
been dismissed.  In the motion, she alleged that the trial court originally
struck the intervention because of the pending bankruptcy.  On May 2, 2011, the
trial court reinstated Whittington’s intervention.  This appeal followed.

Texas Civil Practice and Remedies
Code Section 15.003

In its first issue, Millennium argues the trial court
erred in finding that Whittington independently established venue was proper in
Harris County.  Section 15.003 provides:

(a) In a suit in which there is more than one plaintiff,
whether the plaintiffs are included by joinder, by intervention, because the
lawsuit was begun by more than one plaintiff, or otherwise, each plaintiff
must, independently of every other plaintiff, establish proper venue.  If a
plaintiff cannot independently establish proper venue, that plaintiff’s part of
the suit, including all of that plaintiff’s claims and causes of action, must
be transferred to a county of proper venue or dismissed, as is appropriate,
unless that plaintiff, independently of every other plaintiff, establishes
that:

(1) joinder of that plaintiff or intervention in the suit
by that plaintiff is proper under the Texas Rules of Civil Procedure; 

(2) maintaining venue as to that plaintiff in the county of
suit does not unfairly prejudice another party to the suit; 

(3) there is an essential need to have that plaintiff's
claim tried in the county in which the suit is pending; and 

(4) the county in which the suit is pending is a fair and
convenient venue for that plaintiff and all persons against whom the suit is
brought. 

(b) An interlocutory appeal may be taken of a trial court's
determination under Subsection (a) that:

(1) a plaintiff did or did not independently establish proper
venue; or 

(2) a plaintiff that did not independently establish proper
venue did or did not establish the items prescribed by Subsections (a)(1)-(4).

 

Section 15.003 “was designed to preclude the joinder
of multiple parties in a forum in which venue over their claims does not lie.”  American
Home Products Corp. v. Clark, 38 S.W.3d 92, 98 (Tex. 2000) (Owen, J.,
dissenting).  No party to this case has challenged venue in Harris County. 
Neither Millennium nor Whittington filed a motion to transfer venue.  While it
is true that section 15.003 is a joinder statute, it takes as its starting
point a person who is unable to establish proper venue.  Surgitek v. Abel,
997 S.W.2d 598, 602 (Tex. 1999).  Section 15.003 permits an interlocutory
appeal by any person seeking intervention or joinder, who is unable to
independently establish proper venue, or a party opposing intervention or
joinder of such a person.  Tex. Civ. Prac. & Rem. Code Ann. § 15.003(c). 
Section 15.003(c) does not permit an interlocutory appeal under these
circumstances where no party has challenged venue in Harris County.  Therefore,
the trial court’s order reinstating Whittington’s intervention is not
appealable.  

Accordingly, the appeal is dismissed.

                                                                                    PER
CURIAM

 

 

 

Panel
consists of Justices Brown, Boyce, and McCally.