**WILLIAM J. HONE AND FALK & FISH, L.L.P., Appellants,**

v.

**Bernard M. HANAFIN, Appellee.**

No. 05–01–00897–CV.

Court of Appeals of Texas, Dallas.

March 14, 2002.

Claire Collins Schwarz, Mark A. Ticer, Law Office of Mark A. Ticer, Dallas, for appellant.

Gerald Conley, Andrews & Kurth, Dallas, for appellee.

Before Justices LAGARDE, WRIGHT, and FRANCIS.

## OPINION

Opinion By Justice LAGARDE.

William J. Hone and Falk & Fish, L.L.P. appeal the trial court's May 9, 2001 order dismissing all claims asserted against Bernard M. Hanafin for want of jurisdiction.[1] In their first issue, appellants contend five of the trial court's findings of fact reached the merits of the case, were conclusions of law, and were not supported by the evidence. In their second issue, it appears appellants contend five of the trial court's conclusions of law were in error. In a cross-point, appellee contends appellants failed to timely perfect this appeal. We sustain appellee's cross-point and dismiss the appeal for want of jurisdiction.

## PROCEDURAL FACTS

Appellants originally sued appellee and PyMaH Corporation for fraudulent inducement and attorney's fees. Appellants also sued PyMaH for breach of contract. Later, appellants added PC Liquidation Trust as a defendant. Appellee, a New Jersey resident, filed a special appearance to present a motion objecting to personal jurisdiction. On February 21, 2001, the trial court held a hearing on appellee's special appearance motion.[2] On April 3, 2001, the trial court informed the parties by telephone that it sustained appellee's motion.

On April 13, 2001, appellants requested findings of fact and conclusions of law. On May 9, 2001, the trial court signed the order sustaining appellee's objection to the jurisdiction. On May 17, 2001, the trial court signed its findings of fact and conclusions of law. On June 1, 2001, appellants filed their notice of interlocutory appeal with the trial court.

## JURISDICTION

In his cross-point, appellee contends appellants' interlocutory appeal was not timely because the notice of appeal for an accelerated appeal must be filed within twenty days after the challenged order was signed, and appellants filed their notice of appeal twenty-two days after the

---

1. The record does not reflect a severance order.

2. The record does not support appellants' statement at oral argument that no hearing took place.

dismissal order was signed. Appellee, relying on a footnote in *Lipshy Motorcars, Inc. v. Sovereign Associates, Inc.*, argues that in accelerated appeals a request for findings of fact does not extend the appellate timetable. 944 S.W.2d 68, 70 n. 3 (Tex. App.-Dallas 1997, writ mand. overruled). Appellee further contends appellants did not extend the appellate timetable under rule of appellate procedure 4.2. *See* Tex. R.App. P. 4.2.

Appellants contend they timely filed their notice of appeal because the appellate record indicates May 17, 2001, the day the trial court signed the findings of fact and conclusions of law, as the date judgment was entered.[3] Appellants contend they timely filed their notice of appeal because the trial court's findings of fact and conclusions of law serve a purpose and can be properly considered on appeal. Appellants rely on *IKB Industries v. Pro–Line Corporation*, 938 S.W.2d 440, 443 (Tex.1997), for this argument. In addition, appellants argue rule of appellate procedure 28.1 does not prohibit the extension of time for perfecting an appeal by requesting findings and conclusions. *See* Tex.R.App. P. 28.1. Appellants also contend they received notice of the dismissal order on May 31, 2001. Thus, appellants argue that under rule of civil procedure 306a they timely filed their notice of appeal within twenty days of acquiring actual notice of the order. *See* Tex.R. Civ. P. 306a.

An appeal is perfected when a written notice of appeal is filed with the trial court clerk. Tex.R.App. P. 25.1(a). An appeal from an interlocutory order, when allowed, is an accelerated appeal and the notice of appeal must be filed within twenty days after the judgment or order is signed. Tex.R.App. P. 26.1(b), 28.1; *see Iron Mountain Bison Ranch, Inc. v. Easley Trailer Mfg., Inc.*, 964 S.W.2d 762, 763 (Tex.App.-Amarillo 1998, no pet.). An interlocutory order that grants a special appearance is an appealable order. Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(7) (Vernon Supp.2002). If an accelerated appeal is not timely filed, an appellate court may extend the time to file the notice of appeal when a party follows the procedures in rules of appellate procedure 4.2 or 26.3. Tex.R.App. P. 4.2, 26.3. The interlocutory order that sustained appellee's special appearance was signed on May 9, 2001. Thus, under rule of appellate procedure 26.1(b), appellants' notice of appeal had to be filed by May 29, 2001 to perfect the appeal, unless they are entitled to an extension of time to file.

■ Appellants contend they are entitled to an extension of time under rule of civil procedure 306a.[4] We disagree. Under rule of appellate procedure 4.2, if a party affected by an appealable order has not received notice from the clerk as required by rule 306a(3) or acquired actual knowledge of the signing of the order within twenty days after it was signed, then a period that runs from the signing will begin for that party on the earlier of the date when the party received notice or acquired actual knowledge of the signing. Tex. R.App. P. 4.2(a)(1). However, to gain the additional time, the party must comply with rule 306a(5). Tex.R.App. P. 4.2(b).

---

3. Appellants contend the handwritten notation, "Jdg 5–17–01," on page four of the clerk's record shows that the appellate record treated the date the trial court entered its findings of fact and conclusions of law as the date judgment was entered. The period within which an appeal is perfected is calculated from the date the judgment or appealable order is signed, not from a clerical notation in the appellate record. Tex.R.App. P. 26.

4. We presume appellants mean rule of appellate procedure 4.2, which incorporates much of rule 306a. *See* Tex R.App. P. 4.2.

Appellants failed to prove in the trial court the date they or their attorney first either received notice or acquired actual knowledge of the signing of the order. *See* Tex.R. Civ. P. 306a(4), (5); *Mem'l Hosp. of Galveston County v. Gillis,* 741 S.W.2d 364, 365–66 (Tex.1987) (per curiam).[5] In addition, the party must obtain a signed written order from the trial court that reflects the date the party or the party's attorney first either received notice or acquired actual knowledge that the order was signed. Tex.R.App. P. 4.2(c). There is no signed written order in the record from the trial court finding May 31, 2001 as the date appellants or their attorney first acquired actual knowledge of the order. Accordingly, appellants' argument that they did not receive notice of the order until May 31 fails because they did not establish in the trial court the specific date they or their attorney received notice or actual knowledge of the order, and they did not obtain a signed written order from the trial court that recites that specific date. *See* Tex.R. Civ. P. 306a(5); Tex.R.App. P. 4.2(b), (c). Because appellants did not comply with rule 306a(5), appellants are not entitled to receive an extension of time for perfecting their appeal under rule 4.2. *See* Tex.R.App. P. 4.2(b), (c); *Grondona v. Sutton,* 991 S.W.2d 90, 91 (Tex.App.-Austin 1998, pet. denied) (per curiam); *Koch Gathering Sys., Inc. v. Harms,* 946 S.W.2d 453, 457 (Tex.App.-Corpus Christi 1997, writ denied).

■ Next, appellants contend their request for findings of fact and conclusions of law extended the time for filing a notice of interlocutory appeal under rule of appellate procedure 26.1(a)(4). Tex.R.App. P. 26.1(a)(4). We disagree. Rule 26.1(a)(4) states in relevant part, "the notice of appeal must be filed within ninety days after the *judgment* is signed if any party timely files . . . a request for findings of fact and conclusions of law," if required by the rules of civil procedure, or if not required, could properly be considered by the appellate court. Tex.R.App. P. 26.1(a)(4) (emphasis added). This rule applies to final judgments, not interlocutory orders. *See Lipshy,* 944 S.W.2d at 70 n. 3 (stating rule 41 of the former rules of appellate procedure, now contained in rules of appellate procedure 26.1 and 26.3, applies to final judgments); *see generally IKB,* 938 S.W.2d at 443 (stating findings of fact and conclusions of law will extend the time to perfect an appeal from a *judgment* not rendered as a matter of law).[6] Further, rule of appellate procedure 28.1 expressly states a motion for new trial will not extend the appellate timetable, but it is silent on whether a request for findings of fact and conclusions of law extends the time to perfect an accelerated appeal. *See* Tex. R.App. P. 28.1. Allowing a party to perfect

---

5. In their supplemental appendix, appellants included the letter and copy of the order that appellee's counsel sent them on May 31, 2001. Also in their appendix was Claire Collins Schwarz's affidavit in which she stated the Law Office of Mark A. Ticer did not acquire actual notice of the order until they received a copy from appellee's counsel. Schwarz also stated she filed the notice of appeal on May 31, 2001. However, any proof is to be made in the trial court, not the court of appeals. *See Mem'l Hosp.,* 741 S.W.2d at 366.

6. Appellants rely on *IKB* for the proposition that if findings of fact and conclusions of law are proper and necessary for the appellate court to consider then the time to perfect an appeal should be extended. Appellants' reliance on *IKB* is misplaced because the analysis in *IKB* presupposes there is a final judgment or order before a request for findings and conclusions will extend the time to perfect an appeal. The court addressed how findings of fact and conclusions of law will extend time to perfect an appeal from a final judgment. *See IKB Indus. Ltd. v. Pro–Line Corp.,* 938 S.W.2d 440 (Tex.1997).

an accelerated appeal up to ninety days after the date the judgment was signed would defeat its purpose, which is to avoid unnecessary delay in arriving at a final disposition of the case. *See Stanton v. Univ. of Tex. Health Sciences Ctr. at Dallas,* 997 S.W.2d 628, 630 (Tex.App.-Dallas 1998, pet. denied).

Although appellee does not challenge the timeliness of appellants' appeal under rule of appellate procedure 26.3, we must inquire into our jurisdiction *sua sponte.* *See Dallas County Appraisal Dist. v. Funds Recovery, Inc.,* 887 S.W.2d 465, 468 (Tex.App.-Dallas 1994, writ denied). Under rule 26.3, the appellate court may extend the time to file the notice of appeal if, within fifteen days after the deadline for filing the notice of appeal, the party files the notice of appeal in the trial court and files a motion for extension of time to file the notice of appeal in the appellate court. Tex.R.App. P. 10.5(b), 26.3. This extension of time is available for all appeals under rule 26, which includes accelerated appeals. Tex.R.App. P. 26 cmt. (stating in relevant part, "This is former Rule 41. All times for perfecting appeal in civil cases— including the time for perfecting a restricted appeal—are stated. An extension of time is available for all appeals.").

In *Verburgt v. Dorner,* the Texas Supreme Court held that "a motion for extension of time is necessarily implied when an appellant acting in good faith files a [cost] bond beyond the time allowed by Rule 41(a)(1), but within the fifteen-day period in which the appellant would be entitled to move to extend the filing deadline under rule 41(a)(2)." 959 S.W.2d 615, 617 (Tex. 1997).[7] Therefore, if the notice of appeal is filed within fifteen days after the deadline for filing the notice, then a motion for extension of time is implied. However, the appellant must be acting in good faith when filing the notice beyond the time allowed by rule 26.1. *Id.* The *Verburgt* court remanded the case to the court of appeals for it to determine whether Verburgt offered a reasonable explanation for his failure to timely perfect his appeal. *Id.*

■ Appellants' deadline for filing their notice of appeal was May 29; they filed their notice of appeal on June 1.[8] The record does not reflect that appellants filed a motion to extend time to file their notice of appeal. Because appellants filed their notice of appeal within the fifteen-day period in which they would be entitled to move

---

7. Rule 41(a)(1) of the former rules of appellate procedure is now rule 26.1(a) and rule 41(a)(2) is now 26.3. *See* Tex.R.App. P. 26.1(a), 26.3. Although *Verburgt* was decided under the former rules, the courts have implied a motion for extension under the current rules. *See Cotton v. Cotton,* 57 S.W.3d 506, 509 (Tex.App.-Waco 2001, no pet. h.); *Chilkewitz v. Winter,* 25 S.W.3d 382, 383 (Tex. App.-Fort Worth 2000, no pet.); *Indust. Services U.S.A., Inc. v. Am. Bank, N.A.,* 17 S.W.3d 358, 359 (Tex.App.Corpus Christi 2000, no pet.) (per curiam); *Smith v. Houston Lighting & Power Co.,* 7 S.W.3d 287, 288 (Tex. App Houston [1st Dist.] 1999, no pet.); *Miller v. Greenpark Surgery Ctr. Associates, Ltd.,* 974 S.W.2d 805, 807 (Tex.App.-Houston [14th Dist.] 1998, no pet.); *Dimotsis v. Lloyds,* 966 S.W.2d 657, 657 (Tex.App.-San Antonio 1998, no pet.) (per curiam). The court's analysis in *Verburgt* is applicable to interlocutory orders because the fifteen-day extension now applies to all appeals. *See generally Ace Ins. Co. v. Zurich Am. Ins. Co.,* 59 S.W.3d 424, 426 (Tex. App Houston [1st Dist.] 2001, pet. denied) (without citing *Verburgt,* the court implied a motion for an extension of time to perfect an interlocutory appeal when the appellant filed its motion in the trial court instead of the appellate court).

8. Appellants' argue they filed their notice of appeal on May 31, the same day they received notice of the trial court's order. Whether appellants' filed their notice of appeal on May 31 or June 1 is irrelevant. It was filed more than twenty days after the date the order was signed, thus it was not timely filed.

to extend the filing deadline under rule 26.3, according to *Verburgt*, we must imply a motion for extension. Therefore, appellants have made a bona fide attempt to invoke the appellate court's jurisdiction. *See id.* at 616. However, appellants must also offer a reasonable explanation for their failure to timely file their notice of appeal. *See Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex.1998). We conclude they have not.

The Texas Supreme Court has defined "reasonable explanation" to mean "any plausible statement of circumstances indicating that failure to file within the [required] period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance." *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 669 (Tex. 1989); *Smith v. Houston Lighting & Power Co.*, 7 S.W.3d 287, 289 (Tex.App.-Houston [1st Dist.] 1999, no pet.); *Hagaman v. Morgan*, 886 S.W.2d 398, 403 (Tex.App.-Dallas 1994, writ denied). The *Garcia* court further stated that "any conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake or mischance—even if that conduct can also be characterized as professional negligence." *Garcia*, 774 S.W.2d at 670; *Hagaman*, 886 S.W.2d at 403.

▮ In a reply brief, appellants responded to appellee's challenge to this Court's jurisdiction. Appellants provided three explanations for why their notice of appeal was *timely* filed. First, appellants assert the appellate record treated the date the trial court entered its findings of fact and conclusions of law as the date judgment was entered. Second, they assert that under rule of appellate procedure 26.1(a)(4), their request for findings of fact and conclusions of law extended the time to perfect the appeal. Third, appellants assert they did not receive notice of the trial court's order until May 31, 2001.

At oral argument, when questioned about whether they had timely filed their notice of appeal, appellants responded "absolutely." In response to a question about how they have complied with rule of civil procedure 306a and what evidence in the record supports an extension under rule 306a, appellants said the trial court docket notes show what was sent and when it was sent, but they never received a copy of the order sustaining appellee's special appearance. Also, appellants said rule 306a is applicable only to a final judgment, not an interlocutory appeal. In their brief, however, they rely on rule 306a to extend the time to file their interlocutory appeal. Appellants also argued their notice of appeal was timely because findings of fact are necessary to this appeal.

Appellants fail to offer any explanation for their *failure* to timely file their notice of appeal. Appellants, both in their brief and at oral argument, contend they timely filed their appeal. They do not contend they made a mistake in calculating the time or misunderstood the law; instead, appellants argue they timely filed their notice of appeal. *See Miller v. Greenpark Surgery Ctr. Associates, Ltd.*, 974 S.W.2d 805, 808 (Tex.App.-Houston [14th Dist.] 1998, no pet.) (the appellants failed to provide any reasonable explanation or cite any evidence in the record to justify the late filing when at oral argument the appellants maintained the notice of appeal was timely filed but was misplaced by the district clerk's office and the record did not support that the notice was misplaced); *cf. Garcia*, 774 S.W.2d at 670 (the appellant reasonably explained the untimely notice of appeal because the appellant misunderstood the law); *Ace Ins. Co. v. Zurich Am. Ins. Co.*, 59 S.W.3d 424, 426 (Tex.App.-Houston [1st Dist.] 2001, pet. denied) (the appellant reasonably explained the untimely notice of appeal because the appellant

attached a signed order in which the trial court found the specific date the appellant acquired actual notice of the order); *Dimotsis v. Lloyds,* 966 S.W.2d 657, 658 (Tex.App.-San Antonio 1998, no pet.) (per curiam) (the appellant reasonably explained the untimely notice of appeal because the appellant misunderstood the law).

Although appellants filed their notice of appeal within the fifteen-day period under rule of appellate procedure 26.3, they have failed to provide a reasonable explanation for their failure to timely file their notice. Accordingly, appellants are not entitled to an extension of time under rule 26.3. *See Miller,* 974 S.W.2d at 808.

Because appellants are not entitled to an extension of time to perfect their notice of appeal under rules of appellate procedure 4.2, 26.1(a)(4), or 26.3, we sustain appellee's cross-point. Consequently, appellants' notice of appeal was due, but not filed, within twenty days after the appealable interlocutory order was signed. Thus, appellants' notice of appeal was not timely perfected under rule of appellate procedure 26.1(b). *See* Tex.R.App. P. 26.1(b). Accordingly, we lack jurisdiction to address appellants' issues on the merits.

We dismiss this appeal for want of jurisdiction.