Dismissed and Memorandum Opinion filed August 26, 2004









Dismissed and Memorandum Opinion filed August 26,
2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00652-CV

____________

 

LUSHANN ENERGY
INTERNATIONAL INC., Appellant

 

V.

 

GENERAL
ELECTRIC ENERGY RENTALS INC., Appellee

 



 

On Appeal from the
157th District Court

Harris County,
Texas

Trial Court Cause No.
04-03924

 



 

M E M O R A N D U M   O P I N I O N

This is an attempted accelerated appeal from an interlocutory
order granting a temporary injunction signed April 23, 2004.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 51.014(a)(4) (Vernon Supp.
2004).  Appellant timely filed a motion
for reconsideration and request for findings of fact and conclusions of
law.  Appellant=s notice of appeal was not filed
until July 1, 2004.








On August 16, 2004, appellee filed a motion to dismiss the
appeal for want of jurisdiction.  In its
motion, appellee asserts that appellant=s notice of appeal is untimely
because neither a motion for reconsideration nor a request for findings of fact
and conclusions of law extends the time to perfect an accelerated appeal.  

Appeals from interlocutory orders are accelerated.  Tex.
R. App. P. 28.1.  In an
accelerated appeal, the notice of appeal must be filed within twenty days after
the judgment or order is signed.  Tex. R. App. P. 26.1(b).  Filing a motion for new trial will not extend
the time to perfect the appeal.  Tex. R. App. P. 28.1.  A motion for reconsideration is the equivalent
of a motion for new trial.  The
twenty-day period for filing a notice of appeal in accelerated cases is not
extended by the filing of post-judgment motions or requests for findings of
fact and conclusions of law.  See In
re D.K.P., No. 07-03-0356-CV, 2003 WL 22175937 (Tex. App.CAmarillo Sept. 17, 2003, no pet.)
(mem. op.) (holding motion to modify and request for findings of fact and
conclusions of law do not extend timetable in accelerated appeal); Vaughn v.
Sawyer, No. 04-03-00297-CV, 2003 WL 21338615 (Tex. App.CSan Antonio June 11, 2003, no pet.)
(mem. op.) (holding motion for new trial and request for findings of fact and
conclusions of law do not extend timetable in accelerated appeal).  Texas Rule of Appellate Procedure 26.1(a)(4),
which extends the time to perfect an appeal to ninety days after judgment when
findings of fact and conclusions of law are requested, applies only to final
judgments.  Hone v. Hanafin, 105
S.W.3d 15, 18 (Tex. App.CDallas 2002), rev=d on other grounds, 104 S.W.3d 884 (Tex. 2003); Lipshy
Motorcars, Inc. v. Sovereign Assocs. Inc., 944 S.W.2d 68, 70 n.3 (Tex. App.CDallas 1997, no writ) (holding
predecessor to Rul 26.1(a) applies to final judgments, not interlocutory
orders).[1]  Therefore, we hold that appellant=s request for findings of fact and
conclusions of law does not extend the time to perfect this accelerated
appeal.  To hold otherwise, would defeat
the purpose of acceleration. 
Accordingly, appellant=s notice of appeal was not filed timely.








Pursuant to Texas Rule of Appellate Procedure 26.3, an
appellate court may extend the time to file a notice of appeal if, within
fifteen days after the deadline for filing the appeal notice, the party files a
notice of appeal in the trial court and a motion for extension of time in the
court of appeals.  Hone v. Hanafin,
104 S.W.3d 884, 885-86 (Tex. 2003) (holding belief that request for findings of
fact and conclusions of law extended time to perfect accelerated appeal
constituted reasonable explanation for late filing entitling appellant to
extension of time).  Appellant=s notice of appeal was not filed
within the fifteen-day period for extensions, however.  

Accordingly, we grant appellee=s motion.  The appeal is ordered dismissed for want of jurisdiction.  Tex.
R. App. P. 42.3(a).

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed August 26, 2004.

Panel consists of Chief Justice
Hedges and Justices Fowler and Seymore. 

 











[1]  The Texas
Supreme Court has not determined whether a request for findings of fact and
conclusions of law extends the appellate timetable in an interlocutory appeal
under Rule 26.1(b).  See Hone, 104
S.W.3d at 888 n. 2.