**DISMISS; and Opinion Filed July 10, 2013.**



# In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00002-CV

### PILOT TRAVEL CENTERS, LLC, Appellant
### V.
### JOAN MCCRAY, JAMES MCCRAY, AND SHAMEKIA GULLATTE, AS NEXT FRIEND OF BRANDON GULLATTE, Appellees

### On Appeal from the 298th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-11-09096-M

## MEMORANDUM OPINION
Before Justices Moseley, Fillmore, and Myers
Opinion by Justice Fillmore

In this interlocutory appeal, appellant Pilot Travel Centers, LLC (Pilot Travel) asserts the trial court erred by denying its motion to compel arbitration and for a stay of the trial court proceedings. We dismiss this interlocutory appeal for lack of jurisdiction.

## Background

On July 22, 2011, appellees Joan McCray, James McCray, and Shamekia Gullatte, as next friend of Brandon Gullatte, filed suit against Pilot Travel and others arising from injuries sustained by Anthony McCray while employed by Pilot Travel. On September 6, 2012, Pilot Travel filed its motion to compel arbitration and for severance and a stay of appellees' claims against it, contending the claims were subject to a mandatory arbitration plan signed by Anthony McCray.

By order with a signature date of November 12, 2012, the trial court denied Pilot Travel's motion to compel arbitration (November 12, 2012 Order). The November 12, 2012 Order indicates that Pilot Travel's motion to compel arbitration was considered on November 16, 2012.

By order with a signature date of December 12, 2012, the trial court entered another order denying Pilot Travel's motion to compel arbitration (December 12, 2012 Order). Other than a mark through the November 12, 2012 date and a handwritten signature date of December 12, 2012, the December 12, 2012 Order is identical to the November 12, 2012 Order. On December 28, 2012, Pilot Travel filed this interlocutory appeal of the denial of its motion to compel arbitration.

On January 16, 2013, the trial judge signed an order granting appellees' "Motion for Judgment Nunc Pro Tunc" (January 16, 2013 Order).[1] In the January 16, 2013 Order, the trial court found that the December 12, 2012 Order contained a clerical error; according to the trial court, the signature date of December 12, 2012 was incorrect and should have been November 16, 2012. In the January 16, 2013 Order, the trial court ordered the December 12, 2012 Order corrected to reflect the finding that the date of the trial judge's signature should be November 16, 2012.

On February 6, 2013, Pilot Travel filed its verified objection to the January 16, 2013 Order and motion to vacate that order.[2] In its motion to vacate the January 16, 2013 Order, Pilot Travel stated that on December 14, 2012, it received the trial court's December 12, 2012 Order denying Pilot Travel's motion to compel arbitration. Pilot Travel stated the December 12, 2012 Order was the only signed order it received regarding its motion to compel arbitration. Citing

---

[1] The January 16, 2013 Order states the trial court considered appellees' "Motion for Judgment <u>Nunc</u> <u>Pro</u> <u>Tunc</u>, and the response thereto." However, the record contains no motion for judgment *nunc pro tunc*, nor any response by Pilot Travel to such a motion. *See* TEX. R. CIV. P. 316 (permits trial court to correct mistakes and incorrect recitals in judgments but only after reasonable notice of any application for correction is given to opposing party).

[2] In its objection to the January 16, 2013 order and motion to vacate that order, Pilot Travel stated it was never served with a motion for judgment *nunc pro tunc*.

–2–

rule of civil procedure 306a and rule of appellate procedure 26.1(b), Pilot Travel asserted its timetable for filing an interlocutory appeal of the denial of its motion to compel arbitration began to run on December 12, 2012.

On May 1, 2013, the trial court signed an "Order on [Pilot Travel's] Motion for Court to Vacate Order Granting [Appellees'] Judgment Nunc Pro Tunc and Order Denying Motion to Compel Arbitration" (May 1, 2013 Order). In the May 1, 2013 Order, the trial court vacated its January 16, 2013 Order, and denied Pilot Travel's motion to compel arbitration.

By letter dated February 19, 2013, this Court communicated to the parties to this interlocutory appeal that, after review of the record, it appeared Pilot Travel's notice of appeal of the trial court's denial of its motion to compel arbitration was untimely under rule of appellate procedure 26.1(b) and requested that the parties file a jurisdictional brief explaining how this Court has jurisdiction over this appeal. *See* TEX. R. APP. P. 25.1(b).

### Analysis

Section 51.016 of the civil practice and remedies code provides that in a matter subject to the Federal Arbitration Act (FAA), a party may appeal from an interlocutory order of a district court "under the same circumstances that an appeal from a federal district court's order . . . would be permitted by 9 U.S.C. Section 16. TEX. CIV. PRAC. & REM. CODE ANN. § 51.016 (West Supp. 2012); *see CMH Homes v. Perez*, 340 S.W.3d 444, 448–49 (Tex. 2011) (explaining that section 51.016 of the civil practice and remedies code provides for interlocutory appeals in FAA cases so long as "it would be permitted under the same circumstances in federal court under [9 U.S.C.] section 16"). Section 16 of the FAA provides an appeal may be taken from an order "denying an application under section 206 of this title to compel arbitration." 9 U.S.C.A. § 16(a)(1)(C) (West 2009); *Austin Commercial Contractors, L.P. v. Carter & Burgess, Inc.*, 347

S.W.3d 897, 900 (Tex. App.—Dallas 2011, pet. denied); *Texas La Fiesta Auto Sales, LLC v. Belk*, 349 S.W.3d 872, 877 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

An appeal from an interlocutory order denying a motion to compel arbitration is an accelerated appeal. *See* TEX. R. APP. P. 28.1 ("Appeals from interlocutory orders (when allowed by statute) . . . are accelerated appeals."). In an accelerated appeal, the notice of appeal must be filed within twenty days after the judgment or order is signed. TEX. R. APP. P. 26.1(b); *see also Iron Mountain Bison Ranch, Inc. v. Easley Trailer Mfg., Inc.*, 964 S.W.2d 762, 763 (Tex. App.—Amarillo 1998, no pet.) (interlocutory appeal is perfected by filing notice of appeal with trial court within twenty days after judgment or order is signed).

The record contains a November 12, 2012 Order denying Pilot Travel's motion to compel arbitration. The notice of accelerated appeal of the November 12, 2012 Order denying Pilot Travel's motion to compel arbitration had to be filed within twenty days after the date the order was signed. Because the twentieth day after the November 12, 2012 Order fell on Sunday, December 2, 2012, Pilot Travel's deadline for perfecting the appeal from that order fell on the following day, Monday, December 3, 2012. *See* TEX. R. APP. P. 4.1(a).[3] Pilot Travel filed its notice of appeal on December 28, 2012, beyond the twenty-day deadline for perfecting appeal of the interlocutory November 12, 2012 Order.

In an accelerated appeal, absent a rule of civil procedure 26.3 motion, the deadline for filing a notice of appeal is strictly set at twenty days after the appealable interlocutory order is

---

[3] On appeal, the parties do not dispute the trial court conducted a hearing on Pilot Travel's motion to compel arbitration on November 16, 2012. However, no reporter's record containing a transcript of the November 16, 2012 hearing has been filed with this Court. Even assuming the November 12, 2012 date of signature on the order was incorrect and should have been November 16, 2012, the deadline for filing an accelerated appeal of a November 16, 2012 denial of Pilot Travel's motion to compel arbitration would have been December 6, 2012.

Under rule of appellate procedure 26.3, an appellate court may extend the time to file a notice of appeal if, within fifteen days after the deadline for filing the appeal notice, the party files a notice of appeal in the trial court and a motion for extension of time complying with rule of appellate procedure 10.5(b) in the court of appeals. *See* TEX. R. APP. P. 26.3. In *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997), the Texas Supreme Court held that a motion for extension of time is implied when a party, acting in good faith, files a cost bond within the fifteen-day period in which the party would be entitled to move to extend the filing deadline under the rules of appellate procedure. To be entitled to an implied fifteen-day extension to file its notice of appeal under rule of appellate procedure 26.3 from the November 12, 2012 Order, Pilot Travel would have had to file its notice of appeal by December 18, 2012. To be entitled to an implied fifteen-day extension to file its notice of appeal under rule of appellate procedure 26.3 from November 16, 2012, Pilot Travel would have had to file its notice of appeal by December 21, 2012.

–4–

signed. S*ee In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005). However, if applicable, rule of civil procedure 306a may operate to extend the deadline for filing a notice of appeal of an interlocutory order. *See* TEX. R. CIV. P. 306a; *see also John v. Marshall Health Servs., Inc.*, 58 S.W.3d 738, 740 (Tex. 2001). If a party affected by an appealable order has not, within twenty days after the order was signed, either received notice required by rule of civil procedure 306a(3) or acquired actual knowledge of the signing, then any period that, under the rules of appellate procedure, runs from the signing of the order will begin on the earlier of the date when the party receives notice or acquires actual knowledge of the signed order; however, no such period may begin to run more than ninety days after the judgment or order was signed. TEX. R. APP. P. 4.2(a)(1); *see also* TEX. R. CIV. P. 306a(4).

However, rule of civil procedure 306a(4) is not self-executing. Subsection (5) of rule of civil procedure 306a provides a procedure that enables the trial court to change the date the appellate timetable begins to run from the actual date of the interlocutory order to the date on which the party received the clerk's notice or acquired actual knowledge that the trial court signed the order, whichever occurs first, as long as that date is not more than 90 days after the trial court signed the interlocutory order. TEX. R. CIV. P. 306a(5). "The party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed." *Id*.; *see Hone v. Hanafin*, 105 S.W.3d 15, 18 (Tex. App.—Dallas 2002) (party must obtain order from trial court that reflects date the party or party's attorney first either received notice or acquired actual knowledge that the order was signed), *rev'd on other grounds*, 104 S.W.3d 884 (Tex. 2003) (per curiam). A parallel provision of the rules of appellate procedure affords additional time for filing documents related to the appeal under the same time parameters and in accordance

–5–

with the procedures set out in rule of civil procedure 306a(5). TEX. R. APP. P. 4.2(b); *see also* TEX. R. CIV. P. 306a(5). After conducting the hearing contemplated by rule of civil procedure 306a(5), the trial court "must sign a written order that finds the date when the party or the party's attorney first either received notice or acquired actual knowledge that the judgment or order was signed." TEX. R. APP. P. at 4.2(c); *Moore Landrey, L.L.P. v. Hirsch & Westheimer, P.C.*, 126 S.W.3d 536, 540 (Tex. App.—Houston [1st Dist.] 2003, no pet.). The requirements of rule 306a(5) are jurisdictional. *Mem'l Hosp. of Galveston Cnty. v. Gillis*, 741 S.W.2d 364, 365 (Tex. 1987) (per curiam); *Nedd-Johnson v. Wells Fargo Bank, N.A.*, 338 S.W.3d 612, 613 (Tex. App.—Dallas 2010, no pet.).

Here, Pilot Travel asserted reliance on rule of civil procedure 306a in its objection and verified motion to vacate the January 16, 2013 Order. The sworn 306a motion served the purpose of establishing a prima facie case of lack of timely notice of the November 12, 2012 Order. *See* TEX. R. CIV. P. 306a(5). For purposes of appellate jurisdiction, rule of appellate procedure 4.2(c) requires that the trial court sign a written order, pursuant to rule of civil procedure 306a, that finds the date when Pilot Travel or Pilot Travel's attorney first either received notice or acquired actual knowledge that the November 12, 2012 Order denied Pilot Travel's motion to compel arbitration. *See* TEX. R. APP. P. at 4.2(c); *see also Nedd-Johnson*, 338 S.W.3d at 613; *see also Gillis*, 741 S.W.2d at 366 ("Rule 306a plainly requires that this proof be made in the trial court, not the court of appeals."). Without a finding of the date Pilot Travel or its attorney first received notice or actual knowledge of the November 12, 2012 Order, there can be no extension of the appellate timetable for Pilot Travel's notice of appeal of the denial of its motion to compel arbitration. *See* TEX. R. APP. P. 4.2(c); *see also Nedd-Johnson*, 338 S.W.3d at 613.

Pilot Travel cites *In re C.L.C.*, No. 12-02-00348-CV, 2003 WL 252139 (Tex. App.—Tyler Feb. 5, 2003, no pet.) (mem. op. on reh'g) in support of its argument that, because the December 12, 2012 Order was the only order denying its motion to compel arbitration that it received, the December 28, 2012 notice of appeal was timely as filed within twenty days of December 12, 2012. However, unlike this case, in *In re C.L.C.*, the trial judge signed an order that included a finding of the earliest date upon which either appellant or appellant's attorney received notice or actual knowledge of the judgment, and appellant's notice of accelerated appeal was timely as filed within twenty days of the date found by the trial judge. *In re C.L.C.*, 2003 WL 252139, at *1.

Rule of appellate procedure 27.3 provides that after an order in a civil case has been appealed, if the trial court modifies the order, the appellate court must treat the appeal as from the subsequent order and may treat actions relating to the appeal of the first order as relating to the appeal of the subsequent order. TEX. R. APP. P. 27.3. While rule 27.3 contemplates the trial court's ability to modify or amend orders that have been appealed, neither the December 12, 2012 Order nor the May 1, 2013 Order modified or amended the trial court's November 12, 2012 Order. By denying Pilot Travel's motion to compel arbitration, the December 12, 2012 Order and the May 1, 2013 Order provided the same substantive ruling contained in the trial court's November 12, 2012 Order. Rule of appellate procedure 29.6 governs our jurisdiction to review "a further appealable interlocutory order concerning the same subject matter." *See* TEX. R. APP. P. 29.6. Because the December 12, 2012 Order and May 1, 2013 Order are substantively identical to the trial court's November 12, 2012 Order, neither order may be considered a *further* order of the trial court concerning Pilot Travel's motion to compel arbitration. *See* TEX. R. APP. P. 29.6(a)(1). To conclude otherwise would enable a trial court to alter an appellate timetable,

and render an otherwise untimely appeal timely, simply by signing a subsequent order affording the same relief.

Pilot Travel acknowledged at submission that the trial court's May 1, 2013 Order denying Pilot Travel's motion to compel arbitration made no substantive change to the prior November 12, 2012 Order and December 12, 2012 Order denying Pilot Travel's motion to compel arbitration, and that it was not relying on the May 1, 2013 Order to restart the appellate timetable for filing this interlocutory appeal. Pilot Travel acknowledged it could offer no authority in support of a contention that a trial court can affect or extend the appellate timetable by signing a subsequent order containing the same denial of a motion to compel arbitration contained in the November 12, 2012 Order. *See City of Houston v. Estate of Jones*, 388 S.W.3d 663, 667 (Tex. 2012) (permitting interlocutory appeal of a denial of a motion to reconsider a plea to jurisdiction "would effectively eliminate the requirement that appeals from interlocutory orders must be filed within twenty days after the challenged order is signed," and "[t]hat would work against the main purpose of the interlocutory appeal statute, which is to increase efficiency of the judicial process."); *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 358 (Tex. 2001) ("Allowing interlocutory appeals whenever a trial court refuses to change its mind . . . would invite successive appeals and undermine the [interlocutory appeal] statute's purpose of promoting judicial economy."). However, according to Pilot Travel, even though the December 12, 2012 Order made no change to the trial court's November 12, 2012 denial of Pilot Travel's motion to compel arbitration other than crossing out the date of November 12, 2012 and writing in the date of December 12, 2012, Pilot Travel contends its notice of appeal was timely because it received notice only of the December 12, 2012 Order, and, therefore, the appellate timetable did not begin to run until it received notice of the December 12, 2012 Order.

Pilot Travel's contention that under rule of civil procedure 306a, its appellate timetable for perfecting its interlocutory appeal ran from the date it or its attorney received notice or actual knowledge of the November 12, 2012 Order fails. Pilot Travel did not establish in the trial court the specific date it or its attorney received notice or actual knowledge of the November 12 Order, and Pilot Travel did not obtain a signed written order from the trial court that recites that specific date. *See* TEX. R. CIV. P. 306a(5); TEX. R. APP. P. 4.2(b), (c). Because Pilot Travel did not comply with rule of civil procedure 306a(5), it is not entitled to receive an extension of time for perfecting its appeal under rule 4.2. *See* TEX. R. APP. P. 4.2(b), (c).

Pilot Travel's notice of interlocutory appeal was due, but not filed, within twenty days after the November 12, 2012 appealable interlocutory order was signed. To conclude otherwise would defeat the purpose of the interlocutory appeal statute. Thus, Pilot Travel's notice of appeal was not timely perfected under rule of appellate procedure 26.1(b). *See* Tex. R. App. P. 26.1(b).

Without a timely filed notice of appeal, this Court lacks jurisdiction. *See* TEX. R. APP. P. at 25.1. Although the Texas Supreme Court has directed us to construe the rules of appellate procedure reasonably and liberally so that the right to appeal is not lost by imposing requirements not absolutely necessary to effectuate the purpose of a rule, s*ee Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997), we are prohibited from expanding the scope of our jurisdiction by enlarging the time for perfecting an appeal in a civil case in a manner not provided for by rule. *See* TEX. R. APP. P. 2; *see also In re T.W.*, 89 S.W.3d 641, 642 (Tex. App.—Amarillo 2002, no pet.). Rule of appellate procedure 2 expressly prohibits this Court from suspending the requirements of the appellate rules in a manner which will "alter the time for perfecting an appeal in a civil case."

Consequently we do not address the merits of this interlocutory appeal. We dismiss this interlocutory appeal for want of jurisdiction. *See* TEX. R. APP. P. at 42.3(a).

/Robert M. Fillmore/

ROBERT M. FILLMORE
JUSTICE

130002F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PILOT TRAVEL CENTERS, LLC,
Appellant

No. 05-13-00002-CV     V.

JOAN MCCRAY, JAMES MCCRAY, AND
SHAMEKIA GULLATTE, AS NEXT
FRIEND OF BRANDON GULLATE,
Appellees

On Appeal from the 298th Judicial District
Court, Dallas County, Texas,
Trial Court Cause No. DC-11-09096-M.
Opinion delivered by Justice Fillmore,
Justices Moseley and Myers participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellees Joan McCray, James McCray, and Shamekia Gullatte, as Next Friend of Brandon Gullate, recover their costs of this appeal from appellant Pilot Travel Centers, LLC.

Judgment entered this 10th day of July, 2013.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

–11–